HURN ET AL. *v.* OURSLER ET AL.

No. 565. Argued February 17, 1933.—Decided April 17, 1933

*Mr. Joseph Lorenz,* with whom *Messrs. Keith Lorenz* and *Louis W. McKernan* were on the brief, for petitioners.

*Mr. Alan S. Hays,* with whom *Mr. Arthur Garfield Hays* was on the brief, for Oursler, respondent.

*Mr. Benjamin Pepper* for Lewis et al., respondents.

*Emily Holt* for Brentano, respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Petitioners brought this suit to enjoin respondents from publicly producing, presenting or performing a play called " The Spider," on the ground that it infringed a copyrighted play of petitioners, called " The Evil Hour." There was also a prayer for damages and an accounting. The bill, as amended, alleged that " The Evil Hour " had been composed by petitioners and duly copyrighted under the laws of the United States; that the play thereafter was revised, but the revision was uncopyrighted; that the play, both in its copyrighted and its revised uncopyrighted form, was submitted to certain of the respondents, who considered and discussed its production; that the feature of the play consisted in the representation of a spiritualistic seance on the stage, with the audience taking part therein; that respondents were the owners of " The Spider," also copyrighted, but as originally produced containing no representation of a spiritualistic seance of any kind; that respondents, instead of producing petitioners' play, altered their own by incorporating therein the idea of a spiritualistic seance on the stage, and also certain incidental " business and effects " and certain portions of " The Evil Hour "; that their action in that respect was a violation of the copyright laws of the United States and also constituted " unfair business practices and unfair competition against the [petitioners]." The parties are citizens of the same state.

The trial court, considering the claim of infringement on the merits, found that " The Spider " did not infringe in any way " The Evil Hour," in contravention of the copyright law of the United States, and concluded that

in view thereof, the court was without jurisdiction to entertain the allegations in so far as they were based upon claims other than for a violation of the copyright law. A decree followed dismissing the bill. The circuit court of appeals affirmed upon the authority of cases cited. 61 F. (2d) 1031.

It is apparent from the language of the trial court that the claim of unfair competition in respect of the copyrighted play, as well as in respect of the uncopyrighted version, was rejected not on the merits but for lack of jurisdiction. In that view the decree of the court was assailed and defended here.

*One.* We consider the question first from the standpoint of the copyrighted play. While, as presently will appear, the claim of unfair competition is without merit and the dismissal must stand in any event, it is important that if the determination of the court was put upon the wrong ground we should so declare, that it may not be followed as a precedent.

The unfair competition in respect of the copyrighted play, according to the allegations, results from the same acts which constitute the infringement and is inseparable therefrom. The court below proceeded upon the theory that the allegations of the bill in respect of infringement presented a substantial federal question. Certainly, the question is not plainly unsubstantial; and the jurisdiction of the federal court was rightly upheld. Disposal of the infringement, therefore, on the merits was proper; and the precise question for determination is whether the claim of unfair competition was properly dismissed for lack of jurisdiction, or, likewise, should have been considered and disposed of on the merits.

A multitude of cases in the lower federal courts have dealt with the question in its various phases and have reached different conclusions. The opinions present a great variety of views and of differences. We shall not

undertake to review these cases. A few out of many are mentioned in the footnote * as illustrative of the confusion and as indicating the importance of attempting to formulate some rule on the subject. And to that end we first direct attention to certain decisions of this court which seem most nearly in point.

In *Stark Bros. Co.* v. *Stark,* 255 U.S. 50, suit was brought for infringement of a trademark and unfair competition. The circuit court of appeals limited damages to the date when notice was given of the registered mark, and refused to allow damages for earlier injuries. This court pointed out that the suit was for infringement of a

---

* Some cases seem to hold that however intimately the claims of unfair competition and infringement are related, the federal court is without power to consider the former. *Planten* v. *Gedney,* 224 Fed. 382, 386; *Recamier Mfg. Co.* v. *Harriet Hubbard Ayer, Inc.,* 59 F. (2d) 802, 806. This is what is sometimes spoken of as the " second circuit rule," and has been followed in a large number of cases. Other cases have denied jurisdiction on the ground that the two claims constitute separate causes of action, although in some the separateness does not clearly appear. *U. S. Expansion Bolt Co.* v. *Kroncke Hardware Co.,* 234 Fed. 868, 872-875. Compare *Moore* v. *N. Y. Cotton Exchange,* 270 U.S. 593, 607, *et seq., Dickinson Tire & Machine Co.* v. *Dickinson,* 29 F. (2d) 493. In *Onondaga Indian Wigwam Co.* v. *Ka-Noo-No Indian Mfg. Co.,* 182 Fed. 832, the rule of the *Siler* case, *infra,* was definitely applied to a case where the acts of defendant were alleged as constituting an infringement of a patent and also unfair competition. Some courts have taken jurisdiction of unfair competition in infringement suits as an element constituting " aggravation of damages." *Ludwigs* v. *Payson Mfg. Co.,* 206 Fed. 60, 65; *W. F. Burns Co.* v. *Automatic Recording Safe Co.,* 241 Fed. 472, 486; *Payton* v. *Ideal Jewelry Mfg. Co.,* 7 F. (2d) 113. Relief has been denied for unfair competition where the patent or trademark has been held valid but not infringed—*Sprigg* v. *Fisher,* 222 Fed. 964; *Detroit Showcase Co.* v. *Kawneer Mfg. Co.,* 250 Fed. 234, 240; *Taylor* v. *Bostic,* 299 Fed. 232, while the contrary is stated with much force in *Vogue Co.* v. *Vogue Hat Co.,* 12 F. (2d) 991, 992-995. One case, at least, seems to consider the question of retention of jurisdiction a matter of discretion. *Mallinson* v. *Ryan,* 242 Fed. 951, 953.

*registered* trademark, not simply of a trademark, and that this was the scope of the federal jurisdiction. Agreeing with the lower court that the cause of action for the earlier damages lay outside the federal jurisdiction, this court assumed, though without deciding, that plaintiff " could recover for unfair competition that was inseparable from the statutory wrong, but it could not reach back and recover for earlier injuries to rights derived from a different source."

In that view, so far as the unfair competition alleged was thus inseparable from the statutory wrong, it would seem that a failure to establish the infringement would not have deprived the federal court of jurisdiction of the claim of unfair competition, but would have left that matter to be disposed of upon the merits. And that is the effect of the decision of this court in *Moore* v. *N.Y. Cotton Exchange*, 270 U.S. 593, 607–610. In that case federal jurisdiction was invoked under the federal antitrust laws. The answer set up a counterclaim non-federal in character, but arising out of the same transaction. This court held that although the allegations of the bill were insufficient to make a case under the federal law, they were not plainly unsubstantial so as to deprive the federal court of jurisdiction, and sustained a dismissal of the bill on the merits and not for the want of jurisdiction. Nevertheless, we held, under Equity Rule 30, that the counterclaim was so much a part of the case sought to be stated in the bill that the dismissal of the latter on the merits did not deprive the court of jurisdiction to dispose of the former on the merits. We think the question there and the one here, in principle, cannot be distinguished. That a statement of the particular counterclaim there was required by the rule is not material, since the federal jurisdiction can neither be extended nor abridged by a rule of court.

As early as *Osborn* v. *U. S. Bank,* 9 Wheat. 738, 823, Chief Justice Marshall, speaking for the court, said:

" We think, then, that when a question to which the judicial power of the Union is extended by the constitution, forms an ingredient of the original cause, it is in the power of Congress to give the Circuit Courts' jurisdiction of that cause, although other questions of fact or of law may be involved in it." ·

In *Siler* v. *Louisville & Nashville R. Co.,* 213 U.S. 175, 191, the bill sought to enjoin the enforcement of an order made by the railroad commission of Kentucky fixing intrastate rates of transportation upon the railroad of the company. The validity of the order was assailed on the ground that the Kentucky statute under which the commission assumed to act was violative of the federal Constitution in several particulars, and upon the further ground that such order was unauthorized by the state statute. This court held that the circuit court, having acquired jurisdiction by reason of the federal questions involved, " had the right to decide all the questions in the case, even though it decided the Federal questions adversely to the party raising them, or even if it omitted to decide them at all, but decided the case on local or state questions only."

*Lincoln Gas Co.* v. *Lincoln,* 250 U.S. 256, involved, among other things, the validity of an ordinance assessing an annual occupation tax upon gas companies in the city. The ordinance was attacked on the ground that it violated the due process and equal protection clauses of the Fourteenth Amendment, and also upon grounds of state law. The federal district court held that the ordinance violated the constitution of Nebraska, and upon that ground granted a permanent injunction against its enforcement. This court, in disposing of the appeal, said (p. 264):

" . . . if the bill presented a substantial controversy under the Constitution of the United States, and the requisite

amount was involved, the jurisdiction extended to the determination of all questions, including questions of state law, and irrespective of the disposition made of the federal questions."

These decisions are illustrative of many cases where the rule has been stated and restated in substantially the same way. See *Louisville & Nash. R. Co.* v. *Garrett,* 231 U.S. 298, 303; *Ohio Tax Cases,* 232 U.S. 576, 586–587; *Greene* v. *Louisville & Interurban R. Co.,* 244 U.S. 499, 508; *Louisville & N. R. Co.* v. *Greene,* 244 U.S. 522, 527; *Davis* v. *Wallace,* 257 U.S. 478, 482; *Sterling* v. *Constantin,* 287 U.S. 378, 393–394.

*Leschen Rope Co.* v. *Broderick Co.,* 201 U.S. 166, is said to establish a different doctrine. In that case the plaintiff alleged that it owned a duly registered trademark which had been infringed by defendant. Upon demurrer the bill was dismissed on the ground that it disclosed that the trademark was not a lawful and valid trademark. This court sustained the dismissal for want of jurisdiction, holding that the jurisdiction of the federal court depended entirely upon whether the registered trademark was valid. Having held that the lower court was without jurisdiction because of the invalidity of the trademark, the court further said that jurisdiction of the case could not then be assumed as one wherein the defendant had made use of the device for the purpose of defrauding the plaintiff and palming off its goods as those of plaintiff's manufacture.

Whether the court was right or wrong in denying jurisdiction to consider the claim of infringement, the ground of the decision seems to be that such denial necessarily carried with it, also for lack of jurisdiction, any claim of unfair competition dependent upon the same facts. That is to say, if the court had no jurisdiction of the former claim, it followed that it had no jurisdiction of the latter. Whether the federal question averred by the bill was plainly unsubstantial was not considered. The court

summarily disposed of the matter (p. 172) in a single sentence: "Our jurisdiction depends solely upon the question whether plaintiff has a registered trade-mark valid under the act of Congress; and, for the reasons above given, we think it has not." This is a broad statement, which, taken literally, applies whether the invalidity of the registry so appears on the face of the bill as to render the federal question plainly unsubstantial, or, the bill being sufficient to meet this test, such invalidity is otherwise disclosed.

*Elgin Watch Co.* v. *Illinois Watch Co.*, 179 U.S. 665, 677, goes no further than to recognize the same doctrine, the court simply saying: "Was it a lawfully registered trade mark? If the absolute right to the word as a trade mark belonged to appellant, then the Circuit Court had jurisdiction under the statute to award relief for infringement; but if it were not a lawfully registered trade mark, then the Circuit Court of Appeals correctly held that jurisdiction could not be maintained."

We shall not attempt to harmonize the two cases last cited with the *Siler* and the other cases following it. It is not easy to do so unless on the ground that cases involving patents, trademarks, and copyrights constitute an exception to the general rule stated in the *Siler* and other like cases. And accepting the view that this is the effect of the *Leschen Rope* and the *Elgin Watch* cases, *supra*, we are of opinion that such a distinction is altogether unsound. The *Siler* and like cases announce the rule broadly, without qualification; and we perceive no sufficient reason for the exception suggested. It is stated in these decisions as a rule of general application, and we hold it to be such—as controlling in patent, trademark, and copyright cases as it was in the cases where it is announced.

But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct non-federal cause of action because it is joined in the

same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the non-federal *ground;* in the latter it may not do so upon the non-federal *cause of action.*

The case at bar falls within the first category. The bill alleges the violation of a single right, namely, the right to protection of the copyrighted play. And it is this violation which constitutes the cause of action. Indeed, the claims of infringement and unfair competition so precisely rest upon identical facts as to be little more than the equivalent of different epithets to characterize the same group of circumstances. The primary relief sought is an injunction to put an end to an essentially single wrong, however differently characterized, not to enjoin distinct wrongs constituting the basis for independent causes of action. The applicable rule is stated, and authorities cited, in *Baltimore S. S. Co.* v. *Phillips,* 274 U.S. 316. "A cause of action does not consist of facts," this court there said (p. 321), "but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong. . . . 'The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear.' "

Thus tested, the claims of infringement and of unfair competition averred in the present bill of complaint are not separate causes of action, but different grounds asserted in support of the same cause of action.

We do not mean by what has just been said to lay down a hard and fast test by which to determine in all situations what constitutes a cause of action. "A ' cause of action' may mean one thing for one purpose and something different for another," *United States* v. *Memphis Oil Co.,* 288 U.S. 62; but for the purpose of determining the bounds between state and federal jurisdiction, the meaning should be kept within the limits indicated. Compare *B. & O. S. W. R. Co.* v. *Carroll,* 280 U.S. 491, 494–495, and cases cited.

It is entirely plain that the holding of the trial court disposing of the claim of infringement on the merits also disposed of the claim of unfair competition in respect of the copyrighted play, since both depended upon the same allegations of wrongful appropriation of certain parts of, and conceptions embodied in, petitioners' play. The finding of the court is comprehensive—" That no version of the defendants' play ' The Spider ' infringed in any way, either with respect to plot, material, arrangement or sequence of events, or incidents, or otherwise, the plaintiffs' copyrighted play." This finding—not challenged here—contains every essential element necessary to justify the conclusion that there was likewise no unfair competition in respect of the copyrighted play, since it negatives the allegations of the bill made for the purpose of establishing by the same facts an infringement of the copyrighted play and unfair competition in relation thereto. Upon this finding the court was right in dismissing the bill in so far as it set up a claim of unfair business practices and unfair competition; but was wrong in dismissing it for the want of jurisdiction. It

should have been dismissed, as was the infringement claim, upon the merits. Since a decree to that effect must follow, upon this record, as a matter of course, no further proceedings in the district court are necessary. Accordingly the decree will be modified in the respect suggested, and as so modified, will be affirmed.

*Two.* During the pendency of the suit petitioners amended their bill so as to make its allegations apply to the uncopyrighted version of their play, namely, that the wrongful acts of respondents were in violation of the rights of petitioners and constituted unfair business practices and unfair competition with respect to that version as well as to the original. Since that claim did not rest upon any federal ground and was wholly independent of the claim of copyright infringement, the district court was clearly right in dismissing it for want of jurisdiction. The bill as amended, although badly drawn, sets forth facts alleged to be in violation of two distinct rights, namely, the right to the protection of the copyrighted play, and the right to the protection of the uncopyrighted play. From these averments two separate and distinct causes of action resulted, one arising under a law of the United States, and the other arising under general law. For reasons that have already been made manifest, the latter is entirely outside the federal jurisdiction and subject to dismissal at any stage of the case. It is hardly necessary to say that a federal court is without the judicial power to entertain a cause of action not within its jurisdiction, merely because that cause of action has mistakenly been joined in the complaint with another which is within its jurisdiction.

*Decree modified in accordance with the foregoing opinion, and as modified, affirmed.*

Mr. Justice Brandeis and Mr. Justice Stone think the decree should be affirmed without modification.