## BATTLE CREEK FOOD CO. v. AMERICAN PHARMACEUTICAL CO., Inc.

District Court, D. New Jersey.
Feb. 8, 1934.

Edward L. Duggan, of Newark, N. J., for complainant.

Louis R. Kagan, of Jersey City, N. J., for defendant.

Winne & Banta, of Hackensack, N. J., for defendant.

FORMAN, District Judge.

Plaintiff, the Battle Creek Food Company, has filed a bill in equity against the American Pharmaceutical Company, Incorporated, for an infringement of its trademark "Lacto-Dextrin." The bill alleges that the jurisdiction of this court depends upon the following facts:

"(a) This is a suit between citizens of different States wherein the sum or value in controversy exceeds, exclusive of interests and costs, the sum or value of three thousand dollars ($3,000.00).

"(b) This is a suit arising under the trade mark laws of the United States."

The defendant answered, but subsequently moved to strike out the bill. It is now conceded that such a motion is in order notwithstanding the filing of an answer, so that a discussion of such procedure is not necessary.

The bill is not divided into separate counts, but it is obvious that the plaintiff rests its action (1) upon its alleged rights, obtained on January 8, 1924, as a result of

the registration of its trade-mark "Lacto-Dextrin," which it alleges is infringed by the action of the defendant in marketing a product with the name "Lactose and Dextrin A. P. C."; and (2) upon its rights acquired by the use of the words "Lacto Dextrin" upon its packages for a long time prior to the action of the defendant in its sale and distribution of its product under the name of "Lactose and Dextrin A. P. C.," claiming in effect that such action by the defendant is unfair competition.

The defendant submits, among other things, that the words "Lacto-Dextrin" are not susceptible of registration under the trade-mark law (section 5, as amended [15 USCA § 85]), which provides that a mark "merely in words or devices which are descriptive of the goods with which they are used" cannot be the subject of registration under the trade-mark law.

Plaintiff contends, however, that the word "Lacto" is not of such descriptive quality as to be interdicted by the statute.

Webster's New International Dictionary (1933) defines the terms in question as follows:

"Lacto—combining forms from Latin *lac, lactis,* meaning *milk.*

"Lactose—a hard crystalline sugar, $C_{12}$ $H_{22}$ $O_{11}$ $H_2O$, present in milk, and separable from the whey by evaporation and crystallization. It is slightly sweet, dextrorotatory, and much less soluble in water than cane sugar or glucose. Called also milk sugar, sugar of milk, and, formerly, lactin. Lactose is used as a vehicle for medicines, and as an article of diet. Chemically, it is a disaccharide, yielding on hydration d-galactose, and d-glucose."

The product as dispensed by both plaintiff and defendant consists of a mixture of lactose and dextrin.

It is true that the word "Lacto" is, in a sense, artificial, in that its dictionary meaning does not seem to extend beyond a reference pertaining to "milk." The actual ingredient is lactose and is a sugar derived from milk, but the word "Lacto" as used by the plaintiff in combination with the word "Dextrin" cannot be said to fall outside the category of descriptive words. It would not seem that the mere elimination of the last two letters of the word "lactose" is sufficient to make it a trade-mark under the circumstances of its present use.

"A name which is merely descriptive of the ingredients, qualities or characteristics of an article of trade cannot be appropriated as a trade-mark and the exclusive use of it afforded legal protection." Warner & Co. v. Eli Lilly & Co., 265 U. S. 527, 44 S. Ct. 615, 616, 68 L. Ed. 1161.

See, also, case of Searle & Hereth Company v. Warner (C. C. A.) 112 F. 675.

We are therefore led to the conclusion that there is no right of registration in the words "Lacto Dextrin," and, in so far as this bill is directed to relief under the trade-mark registration law of the United States, it cannot stand and must be stricken.

Now we come to the second phase of the bill wherein plaintiff alleges that the use of the words "Lactose and Dextrin A. P. C.," by the defendant, after the market had been established by it, amounts to unfair competition and entitles the plaintiff to relief against the defendant.

The defendant makes a number of objections to the bill in that it is in certain allegations argumentative and impertinent, etc. While there may be some substance to these objections and the bill may be considered to be ooververbose, the same are not of such materiality as to warrant an order to strike it.

Defendant, however, attacks it in one respect in which it is possibly vulnerable. The defendant contends that, in order to give this court jurisdiction over a case involving unfair competition, it must be shown that there is diversity of citizenship and that the amount involved, exclusive of interest and costs, exceeds $3,000 in reference to the unfair competition allegation without regard to the count for infringement of the trade-mark.

An examination of the bill discloses the following allegations by the plaintiff with regard to damages:

Paragraph (a) in the introduction of the bill, quoted above.

Paragraphs 12 and 13 as follows:

"12. The acts of the defendant hereinbefore set forth have greatly injured and damaged plaintiff in its business, and said wrongful acts, unless restrained, will irreparably injure and damage plaintiff.

"13. The value of the trade mark Lacto-Dextrin and the good will in connection therewith exceeds, exclusive of interests and costs, the sum or value of three thousand dollars ($3,000.00) and the conduct of the defendant, unless restrained, will greatly impair if not destroy the same."

The bill therefore does not specifically allege the amount in controversy in connec-

tion with the allegations of unfair competition to be in excess of $3,000, unless by inference in paragraph (a).

However, this defect, if it be one, can readily be remedied by an amendment containing an allegation that the amount in controversy in connection with the unfair competition allegations is in excess of $3,000, and opportunity will be accorded the plaintiff to so plead within ten days from the date hereof.

Consequently, the bill will stand subject to its amendment as above suggested, but such portions of it as refer to the registration of the trade-mark will be considered stricken, and, the case being at issue, may proceed to hearing upon the pleadings now on file with the modifications herein noted.

My attention has been called by counsel to the recent pronouncement of the Supreme Court in the case of Hurn v. Cursler, 289 U. S. 238, 53 S. Ct. 586, 77 L. Ed. 1148. It is believed that the above-outlined procedure is not in violation of any principle laid down in that case.