## CHANEL, Inc., v. JULES V. RIVIERE PERFUMES, Inc., et al.

District Court, S. D. New York.

Aug. 9, 1934.

Mock & Blum, of New York City, for plaintiff.

Munn, Anderson & Liddy, of New York City (T. Hart Anderson and John H. Glaceum, both of New York City, of counsel), for defendants.

BONDY, District Judge.

The bill alleges the infringement of a registered trade-mark by the defendant in interstate commerce. It raises a substantial federal question, apparently in good faith. Irrespective of the final determination as to the validity of the registered trade-mark or whether it was used in interstate commerce, in view of what has been said in Hurn v. Oursler, 289 U. S. 238, 53 S. Ct. 586, 77 L. Ed. 1148, this court has jurisdiction to determine whether there is unfair competition by reason of defendants' use of the mark "No. 5."

It appears by affidavits that the mark "No. 5" used by the plaintiff has acquired a "secondary meaning" and distinguishes plaintiff's product to the trade and to consumers. It also appears that imported perfumes are often rebottled bearing the name of the rebottler. In such case he may use the mark of the original manufacturer, with notice that the product has been rebottled.

See Prestonettes, Inc., v. Coty, 264 U. S. 359, 44 S. Ct. 350, 68 L. Ed. 731.

In the circumstance the use of the mark "No. 5" on perfume may lead a reasonable person to believe that such were the products of the plaintiff notwithstanding differences in the boxes and labels and the use of defendants' name in connection therewith. An injunction pendente lite accordingly will issue restraining the defendants from using the mark "No. 5" in connection with their perfumes unless they make it clear that the perfume is manufactured by them and not the plaintiff. This can result in but slight harm to the defendants, particularly since the plaintiff has volunteered to give a bond to indemnify the defendants if it should finally be held that the injunction was erroneously granted.