### CALIFORNIA WATER SERVICE CO. et al. v. CITY OF REDDING et al.*

No. 1308R.

District Court, N. D. California, N. D.

Feb. 26, 1938.

Rehearing Denied March 7, 1938.

*Decree affirmed 58 S.Ct. 865, 82 L.Ed. ——.

Warren Olney, Jr., A. Crawford Greene, John T. Pigott, James D. Adams, and Henry D. Costigan, all of San Francisco, Cal. (Carr & Kennedy, of Redding, Cal., and McCutchen, Olney, Mannon & Greene, of San Francisco, Cal., of counsel), for plaintiffs.

W. H. Orrick and George Herrington, both of San Francisco, Cal., for defendants Banks, Huntley & Co., R. H. Moulton & Co., and Mason Bros.

Esmond Schapiro, W. H. Orrick, and George Herrington, all of San Francisco, Cal. (Orrick, Dahlquist, Neff & Herrington, of San Francisco, Cal., of counsel), for defendant Stone & Youngberg.

W. D. Tillotson, Jesse W. Carter, and Daniel S. Carlton, all of Redding, Cal. (Carter, Barrett, Finley & Carlton, of Redding, Cal., of counsel), for defendant City of Redding and officers thereof.

Before DENMAN, Circuit Judge, and ST. SURE and ROCHE, District Judges.

DENMAN, Circuit Judge.

This case is presented by a bill in equity brought by California Water Service Company, a California public service corporation, and Carlo Veglia, a taxpayer of the city of Redding, Cal., against the City of Redding and other named defendants who are officers of the city. The bill seeks temporary and permanent injunctions against the sale and disposition of bonds which have been issued by the city for the purpose of financing the construction or purchase of a municipal water distribution system.

■ Jurisdiction of the federal District Court with three judges sitting is properly invoked under the Act of August 24, 1937, § 3, 50 Stat. 752, 28 U.S.C.A. § 380a, on the ground that the matter in controversy exceeds $3,000, and that a question under the Federal Constitution is involved.

A temporary restraining order has been issued, and the case is now before this court on the plaintiffs' prayer for temporary injunction and on the defendants' motion to dismiss the complaint.

The complaint sets forth that plaintiffs own taxable property in the City of Redding. Plaintiff corporation owns and operates a water distribution system which supplies the inhabitants of the city with water. It does a purely intrastate business. It is alleged that the defendant city has applied for and will receive, unless restrained, a grant of money from the Public Works Administration, an agency of the United States government, under title 2 of the National Industrial Recovery Act, §§ 202, 203 (48 Stat. 195, 200, 40 U.S.C.A. §§ 402, 403); the purpose of said grant being to aid the city in the purchase or construction of a municipally-owned water distribution system.

It is alleged that the officers of the City of Redding have issued in the name of the city a number of bonds for the purpose of raising money to be combined with the grant from PWA to furnish funds for the contemplated municipal project.

The bill complains that the bonds issued by the defendant municipality are invalid and that their sale, if not enjoined by this court, will cause plaintiffs irreparable injury. Two separate causes of illegality and consequent damage to plaintiffs are alleged; one on facts claimed to violate the Federal Constitution and another on different facts claimed to be in violation of the California law.

1. The first cause claimed to entitle plaintiffs to relief is alleged to be that the proposed grant of federal funds to the City of Redding for the purpose of constructing or purchasing a municipal water plant is in violation of the Federal Constitution, in that (a) the statute authorizing it is beyond the powers of Congress and (b) unlawfully delegates legislative authority to the Public Works Administrator, an executive officer. It is also claimed that the particular proposed grant in this case is not within the terms of the National Industrial Recovery Act.

2. The second cause of action is that the bond issue here complained of is unwarranted and illegal under the Constitution and laws of the state of California. A number of facts are set forth in support of this conclusion. For reasons which will appear, infra, we do not discuss these facts, save to remark that they attempt to show invalidity of the bonds because of irregularities in the resolutions and ordinances of the city council of Redding, which resolutions and ordinances authorized the application for the PWA grant and the general election on the question of the bond issue. It is also stated that the election was not properly conducted.

The damage alleged to be threatened by the defendants' proposed acts are of three distinct sorts:

(1) Both plaintiffs allege that the bonds, if permitted to be sold, will be a charge and lien upon their property in the City of Redding, in that payment of the principal and interest on these obligations may be made from taxes on all property in the city.

(2) Plaintiff water company complains of the threatened action of the municipality in constructing a rival water distribution system which will render plaintiff's property and business useless by reason of ruinous competition.

(3) In the alternative, it is alleged, the defendant city will force plaintiff to

sell to the city its water plant at a grossly inadequate and confiscatory price.

We have concluded that the complaint fails to state a ground of equity relief in this court, and that it must be dismissed and the restraining order dissolved.

On January 3, 1938, subsequent to the filing of the bill in this case, the Supreme Court delivered its opinion in the case of Alabama Power Company v. Harold Ickes, 58 S.Ct. 300, 82 L.Ed. ——. The federal question there presented was identical with the federal question sought to be raised here. It was held that a private citizen, corporate or otherwise, had no standing to complain of the receipt of moneys by a municipality from the federal government, which moneys were to be used in financing a municipal power distribution plant. It was further held that the fact that the complainant was the owner of a business which might be ruined by municipal competition made possible by a federal grant gave him no greater legal ground of complaint than it would a citizen more disinterested. It was not contested in the Alabama Power Case, and it is not contested here, that the construction, purchase, or operation of a municipal power or water plant is a lawful activity on the part of a city. Such being the case, it was held that the plaintiff had no standing to complain of this lawful activity on the ground that the money received to carry it on was granted by a party who might have had no right so to dispose of it.

The only ground urged by the plaintiffs to distinguish this case from Alabama Power Co. v. Ickes, supra, is their assertion that the proposed action of the defendants is motivated by a desire or purpose to injure or coerce the plaintiff company in the exercise of its rights. Such a situation was found not to exist in the Alabama Case.

The complaint here totally fails to show facts sustaining this charge. The only fact alleged as coercive is that the defendant municipality and its officers, under threat of constructing a rival water plant, will force plaintiff to sell its plant to the city at a grossly inadequate price.

Assuming this to be the case, it does not make a cause of action. Were the Public Works Administrator a party defendant here, and were it effectively charged that he was in conspiracy with these defendants to use federal funds, not for the purposes specified in the statute, but for the purpose of injuring or destroying the plaintiff company, a different situation would be presented. In the case before us this purpose is ascribed and can be ascribed only to the parties defendant, the city and its officers. Inasmuch as the city is entitled freely to bargain with the plaintiff company, to demand any price it chooses for the purchase of its plant, and to construct a rival system if the plaintiff chooses not to sell, the motive actuating the exercise of these rights is immaterial. Security-First Nat. Bank v. Rindge Land & Navigation Co., 9 Cir., 85 F.2d 557, 561, 107 A.L.R. 1240.

In holding that the complaint fails to state a cause of action in this respect, we do not pass upon the question whether the complaint adequately charges the defendants with the purposes suggested, or whether it would state a cause were the administrator a party.

2. There remaining no federal question in the case, there is left the charge that the bonds are invalid because not properly authorized by the required ordinances and election of the City of Redding. Inasmuch as this charge presents a purely local issue and involves no question for a federal court, we dismiss the bill without considering it.

We are aware of the principle urged by the plaintiffs that where a federal court acquires jurisdiction of a controversy upon an adequate federal ground, it has jurisdiction to decide all matters in controversy, including questions arising only under the state law. It is equally clear that when the disappearance of a ground for relief under the Federal Constitution or statutes leaves in the case a separate cause of action under the state law, which cause is independent from and not dependent on the disposition of the federal question, then the court is not required to retain jurisdiction to determine the local question, but should dismiss the entire cause. Hurn v. Oursler, 289 U.S. 238, 246, 247, 53 S.Ct. 586, 589, 590, 77 L.Ed. 1148.

We hold that this complaint states two independent causes of action within the meaning of the Hurn Case, supra. For a defendant to accept money from a third party who had no right to give it for the purpose of engaging in ruinous competition with the plaintiff is one al-

leged wrong. For the same defendant to lay a cloud upon plaintiff's property and to engage in competition with him by means of a purported bond issue which does not have the requisites prescribed by the laws and Constitution of the state is a separate and distinct claim of injury. The fact that the same parties are involved in each cause of action, or that the injuries from each of the two distinct alleged wrongs combine to produce a greater damage to the plaintiff than either would do individually, does not alter the governing principle. As said in the Hurn Case, supra, 289 U.S. 238, at page 246, 53 S.Ct. 586, 590, 77 L.Ed. 1148, a cause of action consists of "the unlawful violation of a right." A claimed right to be free from competition made possible by a constitutionally-authorized grant of public moneys of the United States is entirely distinct from the rights claimed to be violated by the unauthorized issuance ·of municipal bonds.

For the purposes of this case, we find the facts to be as stated in the bill of complaint. From those facts we conclude that plaintiff states no cause of action within the cognizance of this court and is entitled to none of the relief prayed for.

The temporary restraining order is dissolved and the complaint is dismissed.

### On Petition for Rehearing.

A petition for rehearing urges error in the opinion of this court in holding that, in the absence of the Administrator of Public Works as a party defendant, the complaint's allegations of malice or coercion on his part are insufficient to raise a federal question distinct from that decided in Alabama Power Co. v. Ickes, 58 S.Ct. 300, 82 L.Ed. ——.

We adhere to the holding of the opinion. If there be a federal question warranting an injunction against local officials by reason of illegal acts charged against the Administration, as well as against the local defendants, it is with regard to a "grant loan contract," such as was considered in the Alabama Power Case. The question would be, Can the Administrator be prevented from requiring the city to build the structures employing labor as intended by the congressional legislation?

Since the purposes of the national government as outlined in the National Industrial Recovery Act, 48 Stat. 195, thus may be frustrated, the Administrator is a necessary party. That he can be made a party is apparent from the Alabama Power Company Case. The absence of a party, who may be sued in the District of Columbia, does not make him any the less a necessary party.

Williams v. United States, 138 U.S. 514, 11 S.Ct. 457, 34 L.Ed. 1026, cited by the petitioner, held that an equitable title to land may be canceled in an action brought only against the equitable owner, although the holder of the adverse legal title, in that case the state of Nevada, was not made a party. There was no showing that the rights of the state would be conclusively determined against it, or that it would be affected by the determination of the action. In this case, on the contrary, the grant loan contract of the Administrator of Public Works may be vitally affected by injunction proceedings to which he has not been made a party.

Rehearing denied.