**FUR GROOVING & SHEARING CO., Inc., v. TURANO et al.**

District Court, S. D. New York.

June 2, 1941.

M. Daniel Nissenbaum, of New York City, for plaintiff.

Goodell, Hoffman & Spark, of New York City (Eli M. Spark, of New York City, of counsel), for defendants.

GODDARD, District Judge.

The patent in suit No. 2,206,243 applied for December 9, 1939, and issued July 2, 1940, covers only the method of cutting furs. The attachment, or gadget, is not included nor protected. Expanded Metal Co. v. Bradford, 214 U.S. 366, 29 S.Ct. 652, 53 L.Ed. 1034. The writings dated November 1, 1939, although expressly granting a right to use the attachment, conferred also by implication a right to use the method. Victory Bottle Capping Co. v. O. & J. Machine Co., 1 Cir., 280 F. 753, 758. These writings created a valid license even though entered into prior to the filing of the application for letters patent. Keystone Type Foundry v. Fastpress Co., 2 Cir., 272 F. 242, 245.

Paragraphs 6 and 7, insofar as they relate to the first cause of action, which is for infringement, are material and proper and should not be stricken, except for the last clause in paragraph 6. This allegation, beginning with the word "whereby", is a pure conclusion of law, and adds nothing to the cause of action.

The second cause of action is for breach of contract and concerns an attach-

ment not protected by patent. It follows, no diversity being shown, and jurisdiction being placed solely on the patent laws, that this court has no jurisdiction of it. Hurn v. Oursler, 289 U.S. 238, 245, 53 S.Ct. 586, 77 L.Ed. 1148. Federal Rules of Civil Procedure, rule 18(a), 28 U.S.C.A. following section 723c, can not confer jurisdiction; see F.R.C.P. 82.

*Motion to dismiss second cause of action* is granted. Motion to strike out paragraphs 6 and 7 is granted as to the clause referred to in paragraph 6; otherwise it is denied. Settle order on notice.