## LUSTA–FOAME CO. v. WM. FILENE'S SONS CO. et al.

### Civ. A. No. 3971.

District Court, D. Massachusetts.

June 28, 1946.

Robert L. Thompson, and Joseph V. Carroll, both of Boston, Mass. (Roberts, Cushman & Grover, of Boston, Mass., of counsel), for plaintiff.

Hector M. Holmes, of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action for trade-mark infringement and unfair competition with a prayer for an injunction and an accounting of profits. This Court has jurisdiction of the infringement action under 28 U.S.C. A. § 41(7) and 15 U.S.C.A. § 97. As an incident thereto this Court has jurisdiction to decide the claim of unfair competition. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195.

### Findings of Fact

Plaintiff is a partnership composed of Sylvia Tobin and Dorothy Phillips, doing business in Boston, Massachusetts, under the name of the Lusta-Foame Company. Defendants are Wm. Filene's Sons Co. of Boston, and Harry G. Daumit and Catherine Daumit, a partnership engaged in the business of making and distributing cosmetics under the name of Kay Daumit, located in Chicago, Illinois, and Kay Daumit, Inc., an Illinois corporation which succeeded to the business of the Daumit

partnership in February, 1946. Kay Daumit was the maker and distributor, while Filene's was the retail seller of the products complained of here. Kay Daumit, the partnership, has submitted to the jurisdiction of this Court and has actively defended this suit. Kay Daumit, Inc., has been made a party defendant by stipulation.

The plaintiff company in January, 1941, began the distribution of a lanolin shampoo and a lanolin scalp compound under a trade-mark consisting of the words "Lusta-Foame" running along the two sides of an isosceles triangle within which there is a representation of soap bubbles or foam. Originally a beige label was used, but a black label was later adopted. In February, 1944, a blue label was placed on a lanolin shampoo adapted for use by children. This label also carried the words "Lusta-Foame" and, in addition, the words "Junior Shampoo". In September, 1944, the use of the mark was extended to the hair dressing.

Most of plaintiff's sales have been made to department stores where these products are sold to the purchasing public at the hair goods counter. Before the defendants' entry into the field, plaintiff's products were carried in large department stores in Maine, New Hampshire, Massachusetts, Connecticut, Rhode Island, New York, Pennsylvania, and the District of Columbia. Plaintiff had run one advertisement in the Christian Science Monitor which had national circulation. As a result of this advertisement, mail orders were received from customers in some 15 states. However, the bulk of its sales have been to retail stores in New England, New York, Pennsylvania, and the District of Columbia, where the products are re-sold to the purchasing public.

Plaintiff has used several forms of advertising in addition to the one national effort. It has prepared cuts for newspaper advertisements featuring its products and run by retail stores with costs shared. It has also furnished radio script on some three occasions for radio advertising by retail stores, and has paid part of the cost of such advertising. The third form of advertising consists of personal appearances and demonstrations made by Miss Phillips and Mrs. Tobin in retail stores. During such appearances a part of the retail store is set aside and, behind a display of "Lusta-Foame" products and a sign reading "Lusta-Foame Hair Preparations, Miss Phillips and Mrs. Tobin demonstrate and explain the use of the products. Receipts from sales of the products go to the retail store. In some retail stores, instead of making such a demonstration, Miss Phillips and Mrs. Tobin go on duty behind the regular hair goods counter with the regular salesgirl and wait on all customers. Plaintiff has spent on radio and newspaper advertising some $5,636.63 up to March 31, 1946. For the same period plaintiff spent $17,-116.04 in connection with lectures, demonstrations and selling in retail stores. Plaintiff's net sales have grown from $7,236.66 in 1941 to $19,525.64 in 1945, with $7,704.50 attributable to the first three months of 1946.

Plaintiff has no plant investment and its products are manufactured under a contract with a cosmetic manufacturer.

Defendant Kay Daumit began selling its "Lustre-Creme" shampoo in March 1944. This shampoo was in the form of a cream and was packaged in a blue jar with representations of foam or bubbles in white. The designation "Lustre-Creme" appears prominently on the side and top of the jar. There is an indication on defendants' products, as on the plaintiff's, that they contain lanolin. The packaging and dress of the plaintiff's and defendants' goods is dissimilar. Defendants' sales of "Lustre-Creme" shampoo have arisen from $127,044.37 in 1944 to $579,098.24 for January–March 15, 1946. New England sales have ranged from $14.40 in April, 1944, to $3,285.84 in March, 1946. Advertising expenditures, both national and cooperative, amounted to $43,492.26 in 1944 and $192,555.81 in 1945. Defendants do a substantial amount of national magazine advertising which plaintiff does not do.

Both plaintiff's and defendants' products are sold in department stores at the hair goods counter. Defendants' products are sold also in drug stores.

In January, 1945, plaintiff notified defendants of infringement of its registered trade-mark and, when defendants refused

to discontinue the use of the trade-mark "Lustre-Creme", this suit was filed in July, 1945. I find that when defendants adopted the trade-mark "Lustre-Creme" they had no knowledge or notice of the prior use of the trade-mark "Lusta-Foame" by the plaintiff.

There is some confusion and likelihood of confusion between the products of the plaintiff and the defendants. There is no similarity of appearance between the two products, but there is almost an identity in the pronunciation of the key words in the two trade-marks. "Lusta", "Lustre", and "Luster" all sound alike when spoken aloud. Defendants adopted their designation in ignorance of plaintiff's trade-mark. Both products, however, fall into the same class, and are distributed through the same general retail outlets.

The evidence before me indicates that both products are called for in an inaccurate manner by the purchasing public. Plaintiff's shampoo is called for as "Luster Shampoo", "Luster Something Shampoo", "Luster Foam Shampoo." Defendants' shampoo is called for as "Luster Shampoo", "Luster Something Shampoo", "Luster Cream Shampoo", etc. Only 25% of the purchasing public call for the products by their correct names. The remaining 75% use some corruption of the product name.

When a customer is shown both products together, selection is readily made. However, there is confusion in source since salesgirls have represented that defendants' product is made by the plaintiff, and purchases have been made on that basis. Orders have come to the plaintiff for defendants' shampoo on the mistaken impression that this is its source. Where "Lusta-Foame Shampoo" is called for in a store selling only "Lustre-Creme Shampoo" sales of "Lustre-Creme Shampoo" have been made without comment, or with the representation that both products are made by the same people. On calls for "Luster-Shampoo" sales have been made of "Lustre-Creme Shampoo" without comment.

The word "luster" in some form or other has had wide use in a trade-mark sense for cosmetic and toilet preparations. It is quite clear that the word "Lusta" was adopted by plaintiff as a corruption of "luster".

The rule is well established that no valid trade-mark can be acquired either at common law or under the 1905 Act, 15 U.S. C.A. § 81 et seq., for merely descriptive words. No one may appropriate exclusively for his own goods words which are descriptive of a product, or a quality or characteristic thereof. Standard Paint Co. v. Trinidad Asphalt Mfg. Co., 220 U.S. 446, 453, 31 S.Ct. 456, 55 L.Ed. 536; Warner & Co. v. Eli Lilly & Co., 265 U.S. 526, 44 S. Ct. 615, 68 L.Ed. 1161.

Plaintiff contends, however, that "Lusta" is at most suggestive, and not descriptive, and hence is not invalid in itself for use as a trade-mark. The line of demarcation between descriptive and suggestive marks is vague and uncertain. However, I believe that "Lusta" as a phonetic spelling is a descriptive word, and standing alone should not have trade-mark protection. American Law Institute, Restatement of Torts, § 721, Comment a.

While "Lusta" alone cannot be a valid trade-mark, it may nevertheless be a component part of a valid trade-mark. In such case protection is not accorded to the elements individually, but to the combination. Mishawaka R. & W. Mfg. Co. v. Panther-Panco Rub. Co., 1 Cir., 153 F.2d 662. In the present case trade-mark protection is extended only to the combination of elements consisting of the arrangements of words about a triangle within which are representations of bubbles or foam. With plaintiff's rights thus limited, there has been no infringement by the defendants.

The count in unfair competition also fails. Plaintiff argues that even though "Lusta" be held descriptive, nevertheless, in the plaintiff's territory it has acquired a secondary meaning so that, in the minds of the purchasing public, it now points exclusively to the plaintiff. Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195. I do not find that the word "Lusta" has acquired such secondary significance. It has been used for a comparatively short period of time, and plaintiff's sales have not been

particularly large even in the territory which it claims as its own. I do not believe that a substantial number of purchasers now look upon this word in its secondary, rather than its primary, sense.

## Conclusions of Law

In the light of the foregoing I conclude and rule that the plaintiff's trade-mark has not been infringed either at common law or under the 1905 Act. I further rule that there has been no unfair competition. The complaint is ordered dismissed.