FRAZIER TANDEM SYSTEMS,. Inc. et al.
v. HUTCHENS & SON METAL
PRODUCTS, Inc.
No. 1101.

United States District Court
S. D. Missouri, W. D.

Feb. 19, 1953.

Wallace & Cannon, Chicago, Ill., Schwab & Carr, Springfield, Mo., for Frazier-Tandem Systems.

Farrington & Curtis, Springfield, Mo., for Reynolds Mfg. Co.

Miller & Fairman, Springfield, Mo., for defendant.

REEVES, Chief Judge.

The plaintiffs seek a limited or restricted order of dismissal. The defendant has filed a motion for a summary judgment. However, it appears that disposition may be made of the case without the necessity of a decision on the defendant's motion.

■ As may be inferred from the statement, or title, of the motion, the action is one for alleged patent infringement and for unfair competition. The claim of unfair competition is a non-federal claim and the jurisdiction of this court to hear and consider such claim is dependent upon the claim for patent infringement.

Section 1338(b), Title 28 U.S.C.A. is to be construed in this opinion. It is as follows:

"(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition *when joined with a substantial and related claim under* the * * *, *patent * * * laws.*" (Italics mine.)

It appears from briefs of the parties that after suit was filed alleging infringement of a designated patent and unfair competition the plaintiffs reached the conclusion that the patent was not a valid one and now seek to dismiss so far as the patent is concerned but desire to continue the litigation on the claimed unfair competition.

The plaintiffs rely on the above-quoted statute and upon the case of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. It appears from a study of the books that the statutory enactment was but a crystalization of the principle announced in Hurn v. Oursler, supra. As indicated, it is the contention of the plaintiffs that the court could and should retain jurisdiction of the unfair competition claim even after dismissal of the patent infringement claim. An examination of the Hurn-Oursler case does not support the plaintiffs. It was specially pointed out in the Hurn-Oursler case that only one cause of action was stated and the court, therefore, had jurisdiction to hear the evidence on the alleged unfair competition only when joined with claimed patent infringement, and that the court would not have jurisdiction if a separate cause of action was alleged for unfair competition.

Note the language of the 4th syllabus to the Hurn-Oursler case, supra:

"From the jurisdictional standpoint, the claims of copyright infringement and of unfair competition pleaded in this case are not separate causes of action, but are different grounds asserted in support of the same cause of action."

The statute crystalizing the principles of the Hurn-Oursler case specifically provides that jurisdiction shall exist over unfair competition only "when joined with a substantial and related claim under the * *, patent * * * laws."

■ Since the plaintiffs have not moved to dismiss the entire cause, the ruling here can go no further than to say that the plaintiffs cannot dismiss that portion of their claim which relates to the patent and still maintain in this court an action for unfair competition. The motion should be and will be denied.