UNITED SHOE WORKERS OF AMER-
ICA, AFL–CIO, et al.,

v.

BROOKS SHOE MANUFACTURING
COMPANY et al.

Civ. A. No. 24049.

United States District Court
E. D. Pennsylvania.
July 28, 1960.

See also 187 F.Supp. 509.

Saul C. Waldbaum, Philadelphia, Pa., John Silard, Washington, D. C., Joseph J. Cronin, Philadelphia, Pa., for plaintiff.

Thomas F. Devine, Robert K. Greenfield, Philadelphia, Pa., for Brooks Shoe Mfg. Co. and Michael Goldenberg.

WOOD, District Judge.

The question presented is whether the individuals, who were formerly employed by the defendants, may join in this suit with the union against their former employers. The union has properly invoked the jurisdiction of the Court under Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185(a).

The individual plaintiffs do not contend that the Court would have jurisdiction over their causes of action against their former employer if their union had not brought this suit. They do contend that they may join as proper plaintiffs with their union in this suit and that the Court may exercise its jurisdiction to adjudicate the entire dispute. The plaintiffs rely upon the case of Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, and upon Rule 20 of the Federal Rules of Civil Procedure, 28 U. S.C.A.

As we read Hurn v. Oursler, supra, that case clearly distinguishes between the power of a Federal Court to entertain a *non-Federal ground* for relief when asserted together with a Federal ground for relief and a case in which a *non-Federal cause of action* is attempted to be joined with a Federal cause of action. In the latter case, the Federal Court has no jurisdiction to entertain the *non-Federal cause of action*.

Although the phrase "cause of action" can undoubtedly have different meanings for different purposes, we think that as applied to the question before us, the individual plaintiffs have separate non-Federal causes of action. The attempted joinder of the non-Federal causes of action with the union's Federal cause of action does not empower us to exercise our jurisdiction over the former causes of action.

Therefore, the defendants' motion to dismiss as to the individual plaintiffs is hereby Granted.