Harold SHANNON and Audrey Shannon, d/b/a Indiana Livestock Company, Plaintiffs,

v.

David L. CHAMBERS, Jr. and Indianapolis Stockyards Company, Incorporated, Defendants.

No. IP 62-C-381.

United States District Court
S. D. Indiana,
Indianapolis Division.

Dec. 27, 1962.

Jack C. Brown, Indianapolis, Ind., for plaintiffs.

Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., for defendants.

STECKLER, Chief Judge.

This cause came before the court upon the motion of the defendants to dismiss the action on the grounds that the court has no jurisdiction over the subject matter of the action. In the alternative, defendant Indianapolis Stockyards Company moves to strike certain allegations in Count I of the complaint and for a more definite statement. After considering the motions, together with the briefs in support thereof and in opposition thereto, and being duly advised in the premises, the court concludes that the motion to dismiss should be sustained.

The action is in three counts. Count I seeks damages against both defendants for allegedly engaging in "unjust, unreasonable, and discriminatory practices in respect to the furnishing of stockyard services to plaintiffs." Counts II and III seek damages against defendant Chambers for allegedly "intentionally" having "an influence in connection with the wrongful breach" of certain oral and written employment contracts between plaintiffs and certain named individuals. All parties to the action are citizens of the State of Indiana. Thus there can be no diversity jurisdiction. See 1 Moore ¶ 0.60 [8–4].

Count I apparently attempts to assert a claim under the Packers and Stockyards Act of 1921, 7 U.S.C.A. § 201 et seq. Section 209(a) of Title 7, U.S.C.A. provides for a civil action for damages against stockyard owners, market agencies and dealers who violate specified sections of the act, and section 209(b) provides that such liability may be enforced either by (1) complaint to the Secretary of Agriculture as provided by section 210 of Title 7, U.S.C.A., or by (2) suit in any district court of competent jurisdiction. Section 210 of Title 7 U.S.C.A. gives the Secretary authority to grant damages to one injured by violations of the act which award may be enforced in certain district courts and in certain state courts. Plaintiffs do not allege that they are seeking to enforce a prior determination by the Secretary, and while there is no allegation in the complaint to that effect, it is apparent that the action is brought under 7 U.S.C.A. § 209(b) (2), and plaintiffs have so indicated in their brief in opposition to the motion to dismiss.

■ Counts II and III are non-federal claims for tortious interference with contracts. Therefore, these counts must be dismissed since they assert separate and distinct non-federal causes of action. See Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 319, 77 L.Ed. 972 (1933); 36 C.J.S. Federal Courts § 11 (1960).

■■ Count I must also be dismissed. The allegations in Count I involve an inquiry which "is essentially one of fact and of discretion in technical matters; and uniformity can be secured only if its determination is left to the" Secretary. Kelly v. Union Stockyards & Transit Co., 190 F.2d 860, 864 (7th Cir. 1951). See also Great Northern Ry. Co. v. Merchants Elevator Co., 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943 (1922). Notwithstanding the provisions of 7 U.S.C.A. § 209(b) (2), this court cannot pass on such questions until the Secretary has had an opportunity to do so. Kelly v. Union Stockyards & Transit Co., supra. From the allegations of the complaint it is apparent that plaintiffs are complaining of the defendants' alleged discriminations in the furnishing of pens, among other things, and preventing them from engaging in the business of a dealer and market agency under a license granted by defendant Indianapolis Stockyards Company. Such matters and the merit of a defense raised against a charge of discrimination are matters for the Secretary's expertise and properly should be assessed by him in the first instance. McCleneghan v. Union Stockyards Co., 298 F.2d 659 (8th Cir. 1962). See also Sioux City Stock Yards Co. v. United States, 49 F.Supp. 801 (N.D.Iowa 1943). The fact that more than ninety (90) days, the limitation period under 7 U.S.C.A. § 210, may have elapsed does not prevent a reference of the issues here presented to the Secretary, since this action was timely brought, and the issue of reference was asserted by way of defense. McCleneghan v. Union Stockyards Co., supra, 298 F.2d at 670. See also United States v. Western Pacific R. Co., 352 U.S. 59, 71, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956).

■ Since the Secretary can award damages (7 U.S.C.A. § 210(e), which award can be enforced by bringing a new action, if necessary (7 U.S.C.A. § 210(f), no purpose would be served by holding this action in abeyance pending action by the Secretary, and these proceedings, therefore, should be dismissed. See Far East Conference v. United States, 342 U.S. 570, 576, 577, 72 S.Ct. 492, 96 L.Ed. 576 (1952); 2 Am.Jur.2d Administrative Law § 796 (1962).

Aside from the primary jurisdiction doctrine, the fact that 7 U.S.C.A. § 209 (a) speaks of liability to injured persons only with reference to a stockyard owner, market agency, or dealer, makes it highly questionable whether the defendant Chambers could be held civilly liable under that section.

Accordingly the action is hereby ordered dismissed in its entirety.