CELEBRITY, INC., a corporation, Appellant,

v.

A & B INSTRUMENT COMPANY, INC., a corporation, and Mid-America Sales and Marketing, Inc., a corporation, Appellees.

No. 76–1949.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 27, 1978.

Decided March 8, 1978.

Rehearing Denied April 11, 1978.

James D. Fellers of Fellers, Snider, Blankenship & Bailey, Oklahoma City, Okl. (Terry W. Tippens, Oklahoma City, Okl.,

and Henry W. Foulds, Jr., of Brooks, Haidt, Haffner & Delahunty, New York City, with him on the brief), for appellant.

Jerry J. Dunlap of Dunlap, Codding & McCarthy, Oklahoma City, Okl. (Jerry J. Dunlap, II, Oklahoma City, Okl., with him on the brief), for appellee, A & B Instrument Co., Inc.

Charles G. Humble, Bethany, Okl., for appellee, Mid-America Sales & Marketing, Inc.

Before SETH, Chief Judge, and DOYLE and LOGAN, Circuit Judges.

SETH, Chief Judge.

This suit was filed by the appellant, Celebrity, Inc., under the patent laws for a declaratory judgment. It sought to have the court declare invalid a design patent issued to Able L. Barber as D–203,251. The proceedings were commenced under 28 U.S.C. §§ 2201, 2202, and 28 U.S.C. § 1338(a).

Plaintiff-appellant asserted that the patent was not valid because the subject was not an ornamental design under 35 U.S.C. § 171, and in any event it was anticipated and disclosed by prior patents.

The plaintiff-appellant Celebrity also sought to prevent suits by the defendants against the plaintiff and against others for patent infringement.

The action concerned contour pillows manufactured by the defendant, A & B Instrument Company, Inc. and marketed by defendant, Mid-America Sales and Marketing, Inc. These pillows were made under the design patent in issue, D–203,251, the Barber patent. They were marketed generally through department stores at the time in question. The plaintiff Celebrity then began to make and market its pillow which defendant asserted in letters to plaintiff was an infringement. Defendant A & B made similar protests to stores where plaintiff's pillows were offered for sale. The plaintiff began this declaratory judgment suit to attack the patent.

Both defendants, A & B which was making its pillows under the Barber patent, and the marketing company, counterclaimed against plaintiff for infringement, for unfair competition, for deceptive trade practices, to have the patent held to be valid, and for damages.

The case was tried to a jury which found generally for the defendants. Judgment was entered on the verdicts for A & B against plaintiff in the amount of $50,-000.00. The trial court reserved the question of attorney fees and treble damages. Judgment was also entered for defendant Mid-America on the jury verdict in the amount of $80,000.00; other counterclaims of Mid-America based on copyright infringement were dismissed.

About a month after the judgments on the jury verdicts, the trial court entered another judgment for A & B and against plaintiff to treble the $50,000.00 damages awarded by the jury, and for an additional amount of $22,500.00 as attorney fees incurred by A & B.

The judgment decreed that the Barber patent was valid; that plaintiff had infringed the patent; that the infringement was done knowingly and wilfully, as the jury found; and that plaintiff engaged in unfair trade practices against A & B, as the jury also found. The court also determined under 35 U.S.C. § 285 that this was an "exceptional case" to warrant the award of attorney fees to defendant A & B. The plaintiff has appealed.

The jury determined specifically that the Barber patent was not anticipated nor obvious in view of the prior art. We conclude that the jury was properly instructed on these issues. Counsel for the plaintiff made no objection to the instructions. This is a factual issue for the jury when properly submitted. *Moore v. Shultz,* 491 F.2d 294 (10th Cir.). The record demonstrates that there was sufficient evidence introduced upon which the jury could base its finding. The issue was fully developed by the witnesses. These witnesses testified at some length as to the prior patents, and there was a detailed comparison presented to the jury. The prior art considered by the

patent office examiners was considered and compared with the patents advanced by plaintiff. The findings of the jury on these issues were not clearly erroneous.

■ The plaintiff strongly urges that the Barber patent is not really a design patent at all, and instead was an attempt to patent the functional aspects of the device. It is apparent from the record that the Barber pillow was initially devised to perform a specific function. However, as the product was finally patented and marketed, its design was such as to be patentable. The person to whom it was patented testified that the function of the pillow could be accomplished by pillows or cushions of several different designs. The shape of the pillow on a horizontal plane is distinctive, and is a "design" as contemplated by the patent laws. It was ornamental. This design was copied exactly by the plaintiff to include the dimensions. There was a limited decoration on the pillow also; however, it is apparent that the decorative, ornamental, or design feature was dominant over, and separate from, the functional aspects. *See Day-Brite Lighting, Inc. v. Compco Corp.,* 311 F.2d 26 (7th Cir.). The separation of the functional aspects from the design elements is not always easy. We must conclude that the patent was valid as a "design" patent, as the trial court concluded.

■ The plaintiff asserts that the "validity" issue was submitted to the jury, and the record so indicates; however, the trial court made its determination of validity as a legal issue derived from the several factors. The judgment so indicates, and there was no error in so doing.

In a series of cases based for the most part on *Graham v. John Deere Co.,* 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545, we have held that at least some of the elements to include anticipation, obviousness, and novelty are fact questions, although the ultimate issue of validity is a question of law. *Moore v. Shultz,* 491 F.2d 294 (10th Cir.); *A. E. Staley Mfg. Co. v. Harvest Brand, Inc.,* 452 F.2d 735 (10th Cir.), and *Eimco Corp. v. Peterson Filters & Eng. Co.,* 406 F.2d 431 (10th Cir.). The same considera-

tions apply to a design patent such as the one before us. We conclude that the appropriate division was here made between the function of the jury and of the judge.

■ The plaintiff-appellant raises several issues as to damages which we have considered. We must say that the proof of damages by the defendants was somewhat rudimentary, especially as to overhead. There was also testimony and evidence as to projections for defendants' business volume which may have been somewhat optimistic. However, the proof was subjected to effective cross-examination, and the matter of net profit and gross profit was developed for the jury as it here applied. The extent of the market was clearly defined because defendants were the only ones who marketed the type of pillow involved, and with the entry of plaintiff there were just two in the market. Both sold for the most part in department stores. We must conclude that the proof of damages was adequate, and the matter was presented to the jury within the limitations prevailing in this Circuit.

The remaining aspects of the damage issue concern deceptive and unfair trade practices, attorney fees, and treble damages.

There would seem to be no serious issue as to the award of combined infringement and unfair competition damages. *Hurn v. Oursler,* 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. The trial court instructed the jury on the deceptive trade practice aspect claimed under 78 Okl.St.Ann. § 52. The instruction covered the proposition that if the patent was not valid the article described in it is in the public domain and may be made and sold by anyone.

As to the evidence on the matter of deceptive practices, the record shows that the product of defendants was copied exactly after the president of plaintiff bought one of defendants' pillows, took it to the company officials, and had them "design around it." He also asked for an opinion from a patent attorney as to the validity of the Barber patent. The reply from the attorney was that the patent was not valid. This was all before the jury which found

that the infringement was knowingly and wilfully done. The record shows that the packaging and rack display by plaintiff was the same as defendants' as were the color and material of the pillow covers. The plaintiff also advised its salesmen that there was an established market for the pillow at a time when only the defendants were in the market. All in all, there was adequate evidence from which the jury could find the acts of plaintiff to be wilful.

The above described course of action by the plaintiff, and the findings by the jury caused the trial judge to determine under 35 U.S.C. § 285 that this was an "exceptional" case to justify an award of attorney fees to defendant A & B. The court also indicated in the judgment that with the unfair trade practices, and with the infringement done wilfully and knowingly, the court would consider the question of treble damages for A & B at a future date. The jury had fixed the damages of A & B at $50,000.00.

█ As indicated above, the trial court about a month after the initial judgment entered a "Further Judgment" which gave treble damages and attorney fees. The defendant A & B had filed a motion for treble damages.

At a hearing on August 18th the trial court said that it had overruled the motion for a new trial, and noted that the jury had allowed Mid-America Sales $80,000.00 in damages and A & B $50,000.00. The judge then discussed the treble damages issue and indicated that there was "good reason" why the court should "go all the way" because of the general wilfulness and general attitude of the plaintiff. The judge also referred to the letter on the validity or the Barber patent from the attorney for plaintiff. The judge then said:

"What I am going to do, I am going to allow $50,000 in punitive damages, and may allow more. I am going to allow $22,500 attorney fee, and I don't mean by this that this is all the attorneys should get, but then this is the amount that the defendant [sic] should pay, $22,500.

"I am going to ask you lawyers to see if you can't get together. Here is a case that I think should be settled. You've got some room to settle it. I am going to give ten days from this date and if you can settle this whole kettle of fish, well, all right."

He further said that if the attorneys could not "settle" the whole matter, they should advise him and ". . . then I will proceed to finalize the matter without further notice unless the lawyers want to be heard further." The matter was not settled and, as indicated above, the "Further Judgment" was thereafter entered. It is clear from the remarks of the trial judge on August 18th that he was then considering and thought there was good reason for treble damages. There is nothing to indicate that the settlement or nonsettlement would determine whether the additional damages would be awarded. The plaintiff presents the issue on the basis that it was penalized for not settling. However, we perceive no basis in the record for such an argument. It is clear that the trial court was considering treble damages at all times following the jury verdict.

We have considered the other issues raised by the parties, and conclude they are without merit.

AFFIRMED.