**NEWBURGH MOIRE COMPANY, Inc.,**
**Appellant,**

v.

**SUPERIOR MOIRE COMPANY, Inc.**

**No. 11340.**

United States Court of Appeals,
Third Circuit.

Argued Nov. 4, 1954.

Decided Jan. 17, 1955.

Samuel J. Stoll, Jamaica, N. Y., for appellant.

Harry Sommers, Newark, N. J., for appellee.

Before BIGGS, Chief Judge, and MARIS and HARLAN, Circuit Judges.

**BIGGS, Chief Judge.**

Newburgh Moire Company, Inc. (Newburgh) sued Superior Moire Company, Inc. (Superior) stating two causes of action in its complaint. As its first cause of action Newburgh alleged that Superior infringed, without specification of particular claims, two United States patents, Nos. 2,448,145 and 2,-513,646, both being for processes to produce moiré pattern effects, issued to Holterhoff who assigned to Newburgh. Newburgh seeks an injunction and an accounting under this cause of action.

As a part of this first cause of action, Newburgh also alleged that in 1950 Holterhoff as owner of Patent—145 and Newburgh as the exclusive licensee thereunder filed suit in the court below against Superior charging the latter with infringement of that patent, that prior to answer the suit was settled and discontinued by Superior paying $1,000 to Holterhoff and Newburgh, and that as part of the settlement Holterhoff and Newburgh released Superior from any claim for past infringement but reserved the right to sue Superior for any future infringement. This portion of the complaint, devoted, as we have said, to the first cause of action, also alleged that the parties to the earlier suit agreed that no announcement of the settlement of the action should be made to customers of the moiré trade, that simultaneously with the settlement of the suit Superior gave assurances to Holterhoff and Newburgh that it would not infringe Patent —145 or Patent —646, the patent last designated having been issued to Holterhoff shortly prior to the time of settlement, and that negotiations for a license for Superior were commenced by the parties but that negotiations never culminated in the issuance of a license to Superior.

As its second cause of action, Newburgh alleged in substance that Superior is one of its competitors and that Superior has adopted without Newburgh's consent certain patented processes and trade-names and symbols for moiré designs, which are in fact Newburgh's, thereby causing confusion in the moiré industry and trade, Superior's products being inferior to Newburgh's, to Newburgh's damage and detriment. Newburgh alleges that by reason of the foregoing Superior has been guilty of unfair competition. Newburgh prayed also for an injunction and an accounting under this portion of its complaint.

In answer to Newburgh's first cause of action Superior alleged that the patents were invalid. As to the second cause of action Superior again asserted

that the patents were invalid, alleged that it has been using the designs identified by Newburgh in its complaint for many years with the actual or implied knowledge of Newburgh, and asserted that Newburgh has no special right in these designs or in the symbols employed to identify them.

Superior also filed two counterclaims. The first was based on the Declaratory Judgments Act, 28 U.S.C. § 2201, and in it Superior again alleged that the patents were invalid and sought a declaration to that effect. Superior in its first counterclaim also asserted that by charges of patent infringement Newburgh had attempted to intimidate Superior's customers and that by acting in combination with its licensees Newburgh controlled the production and sale prices of its moiré products in violation of the Sherman Act, 15 U.S.C.A. §§ 1 and 2. Superior prayed for a judgment declaring the patents to be invalid and for treble damages, costs and counsel fees.

In its second counterclaim Superior asserted that Newburgh had breached the agreement not to announce to the trade the settlement of the first patent infringement suit by divulging the settlement in the complaint in the instant suit and sought damages for that breach and the return of the $1,000 paid by it to Holterhoff and Newburgh.

Newburgh filed a reply denying the material allegations of the counterclaims. Superior then moved to dismiss the complaint alleging that Newburgh had violated the antitrust laws and had misused its patents by setting up price-fixing provisos in the licenses issued by it. Superior based its motion upon the deposition of Holterhoff as Newburgh's Treasurer. On June 5, 1952 the court below filed an opinion, D.C., 105 F.Supp. 372, holding that Newburgh's license agreements did constitute a violation of the antitrust laws. On December 12, 1952, the court below ordered the first cause of action dismissed but by that very order reinstated the first cause of action "as of June 25, 1952" because of the renegotiation by Newburgh of its license agreements, the new agreements having omitted the clauses incompatible with the antitrust laws. In its opinion of June 5, 1952, the court had stated: "The second cause of action which is based upon alleged trade mark infringement still stands." The court also pointed out in the opinion that there remained for disposition Superior's first counterclaim under the Declaratory Judgments Act seeking an adjudication that Newburgh's patents were invalid and an accounting and, under the second counterclaim, damages for alleged breach of contract.

Thereafter the remaining issues were moved for trial. The court below held, D.C., 116 F.Supp. 759 that the first claim of each patent was invalid for lack of invention and that Superior had not been guilty of unfair competition. The court held also that Superior could not, because of its own conduct in using Newburgh's processes, recover for Newburgh's disclosure of the settlement contract.

The judgment, entered February 5, 1954, reads as follows: "1. The First Cause of Action for infringement of Claim 1 of Patent No. 2,448,145 dated August 31, 1948, and Claim 1 of Patent No. 2,513,646 dated July 4, 1950, as alleged in the Complaint, be and the same is hereby dismissed for invalidity of said claims.

"2. The Second Cause of Action for unfair competition, as alleged in the Complaint, be and the same is hereby dismissed.

"3. The defendant's counterclaims for return of the consideration for settlement of a previous suit between the parties, and for damages for plaintiff's violation of the anti-trust laws, be and the same are hereby dismissed."

Newburgh has appealed. The notice of appeal reads as follows: "* * * Newburgh * * * appeals * * * from the final judgment dated February 5, 1954, the appeal to be limited to the first paragraph of * * * [the] judg-

ment relating to the first cause of action in the complaint, and from the order * * * dated December 12, 1952 dismissing and reinstating the first cause of action of the complaint."

At the end of the first paragraph of its opinion, 116 F.Supp. at page 760, the court below stated: "The plaintiff [Newburgh] has limited its case to the first claim of each patent." The judgment of invalidity was also so limited. At p. 43 of the transcript of the trial the plaintiff's attorney stated that "the plaintiff has limited its case to Claim 1 of each of the two patents in suit." That statement and the statement in the opinion of the court below, acquiesced in by Newburgh and Superior here, is, we think, sufficient to sustain a finding of abandonment of litigation of the other claims of the patents, viz., one in Patent —145 and four in Patent —646. But Superior's cause of action set up in its first counterclaim also put in issue every claim of each patent and still stands unadjudicated. There is no indication that Superior abandoned litigation of the validity of all claims of each patent. At pages 43 and 44 of the transcript of the trial Superior's attorney stated: "We counterclaimed for [a] declaratory judgment under the entire patent in suit, both patents, and therefore all claims of both patents are in issue. Now, we did not consent to restrict the case to Claims 1 of the two patents in suit." And the index of defendant's brief after trial, making reference to the relevant section of the brief concerning the alleged invalidity of the patents, similarly indicates that Superior contended all along that all claims of both patents were in issue.

■ It follows that there was no final decision within the purview of Section 1291, Title 28 U.S.C., or an appealable interlocutory order under Section 1292. "Multiple claims" within the purview of Rule 54(b), Fed.Rules Civ.Proc., 28 U.S.C., were made here and evidence adduced to support them but the court below did not employ the technique provided by Rule 54(b). Rule 54(b), F.R.C.P., provides that "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Indeed we doubt if the court below, in proper exercise of its legal discretion could have found that there was "no just reason for delay" when it entered the judgment appealed from adjudicating the invalidity of one claim in each of the two patents but leaving undetermined the declaratory judgment wherein all the claims will remain involved.

■■ It may be that the court below deemed the adjudication of the invalidity of one claim of each patent to have been the equivalent of an adjudication of all the claims under the declaratory judgment action set out by Superior in the first counterclaim. But if so the court below was in error. Perhaps the parties intended not to press for a determination of the action and may now clear the record by an adequate stipulation if approved by the court below. Perhaps it will be necessary to proceed to an adjudication of the declaratory judgment action. We do not know. But if the record is cleared of the declaratory judgment action by stipulation or by judgment we might deem it unnecessary to have the new appeal argued, if a new appeal be taken, the argument on this appeal having been reduced to writing, and could permit the filing of supplementary briefs if the filing of such briefs became necessary. Cf. Etten v. Kauffman, 3 Cir., 1950, 179 F.2d 302 and District 65, Distributive, Processing and Office Workers Union of N. Y. and N. J., Formerly Local 65 v. McKague (Kromer), 3 Cir., 1954, 216 F.2d 153.

The appeal will be dismissed.