NEWBURGH MOIRE COMPANY, Inc., Plaintiff,

v.

SUPERIOR MOIRE CO., Inc., Defendant.

Civ. A. No. 626–51.

United States District Court D. New Jersey.

Dec. 20, 1955.

Harry B. Rook, Newark, N. J., Samuel J. Stoll, Jamaica, N. Y., for plaintiff.

Harry Sommers, Newark, N. J., for defendant.

MODARELLI, District Judge.

This action was before this court twice previously. The decisions appear in 105 F.Supp. 372, holding Newburgh's license contracts violated the anti-trust laws; and in 116 F.Supp. 759, holding the first claims of Patents No. 2,448,145 and No. 2,513,646 invalid for lack of invention, Superior was not guilty of unfair competition and Superior could not recover for Newburgh's disclosure of a prior settlement contract. On February 5, 1954, a judgment was entered:

"1. The First Cause of Action for infringement of Claim 1 of Patent No. 2,448,145 dated August 31, 1948, and Claim 1 of Patent No. 2,513,646 dated July 4, 1950, as alleged in the Complaint, be and the same is hereby dismissed for invalidity of said claims.

"2. The Second Cause of Action for unfair competition, as alleged in the Complaint, be and the same is hereby dismissed.

"3. The defendant's counterclaims for return of the consideration for settlement of a previous suit between the parties, and for damages for plaintiff's violation of the anti-trust laws, be and the same are hereby dismissed."

Newburgh expressly limited its appeal from that judgment to its first paragraph. The Court of Appeals, however, dismissed the appeal because there was "* * * no indication that Superior abandoned litigation of the validity of all claims of each patent." 3 Cir., 218 F.2d 580, 583. Superior had filed a counter-claim in this court based on the Declaratory Judgment Act, 28 U.S.C. § 2201, alleging that the *entire* patents were invalid and seeking a declaration to that effect. During the trial, however, since the parties did not seek to litigate all the claims of the patents, this court decided only the issues relating to the validity of the two claims put in issue by the complaint.

Subsequent to the Court of Appeals' dismissal of the appeal, this court held a one-day trial consisting of oral argument by counsel, testimony by Mr. Hans A. Holterhoff who is the patentee, and the receipt into evidence of two plaintiff's exhibits. Now the court must decide the issues raised by the counterclaim, viz., whether Claim 2 of Patent No. 2,-448,145 [1] and Claims 2, 3, 4, and 5 of Patent No. 2,513,646 [2] are valid.

1. "2. The method of producing moiré pattern effects in fabrics according to claim 1 in which the fabrics are moistened with liquids of different viscosity."

2. "2. The method of producing moiré pattern effects on fabrics comprising moistening the fabrics within confined pattern areas with liquids having different viscosities while applying tension to the same, drying the fabrics while maintaining the tension, doubling the thus treated fabrics and applying heat and pressure to produce the finished moiré effect.

"3. The method of producing moiré pattern effects on fabrics comprising moistening the fabrics within confined pattern areas with aqueous solutions while applying tension to the same, drying the fabrics while maintaining the tension, doubling the thus treated fabrics and applying heat and pressure to produce the finished moiré effect.

"4. The method of producing moiré pattern effects on fabrics comprising moistening the fabrics within confined pattern areas with organic liquids while applying tension to the same, drying the

Plaintiff has attempted to prove that the unadjudicated claims are not anticipated by Lardy No. 1,803,672 applied for July 7, 1928, and issued May 5, 1931, and Dreyfus No. 1,860,456 applied for August 4, 1927, and issued May 31, 1932. Plaintiff admittedly recognizes, however, that this court has rendered an earlier contrary decision regarding the first claim of each patent in suit. As plaintiff has stated, its current contention "* * * has the makings of a dilemma, since whatever light is shed upon the unadjudicated claims must necessarily reflect back upon the adjudicated claims. It is very clearly appreciated that it would be difficult indeed for the Court to find the unadjudicated claims valid while retaining its holding that the adjudicated claims are not valid."

Plaintiff maintains that "The evidence which was introduced at the trial session on April 28, 1955 clearly shows that these prior patents were misinterpreted by the Court. * * * Unless the Court can be shown that its original understanding of these prior patents was erroneous, a holding of invalidity of the unadjudicated claims is inevitable." Plaintiff's arguments regarding validity are that (1) partial wetting of the fabric, with liquids of different viscosities, under tension, are not known in combination to the moire industry; (2) simultaneous drying of and applying tension to the fabric is unique to plaintiff's process.

■ As for (1) in my opinion finding invalid the first claim of each patent, I carefully discussed the disclosures of Lardy No. 1,803,672 and concluded that

its process included partial wetting under tension. Newburgh Moire Co. v. Superior Moire Co., D.C., 116 F.Supp. 759, 762, 763. Regarding plaintiff's use of liquids of different viscosities, Holterhoff admitted that a person skilled in the industry would be able to use organic liquids for wetting. As for (2), in my former opinion at page 763, I considered and decided the question relating to the step of applying tension to the fabric.[3] My decision was that in the processing of fabrics the application of tension is not novel. The bases of my conclusion principally were that (1) the application of tension is a necessary step in fabric processings, as evidenced by Milhomme No. 1,821,392 issued September 1, 1931, and impliedly by Lardy No. 1,803,672, and (2) tension as used by plaintiff's patents was simply to force the fabric to flow through the mill. Based on the foregoing, I find the heretofore unadjudicated claims invalid.

■ Defendant's counsel asks for "an allowance of counsel fee on the anti-trust motion." I previously denied that request. Newburgh Moire Co. v. Superior Moire Co., D.C., 116 F.Supp. 759, 765. Now defendant's counsel apparently argues that I should reverse my previous decision because plaintiff, contrary to counsel's statement that there would be no appeal from this court's decision relating to the anti-trust laws, in fact did appeal that decision. I shall not reverse my previous decision.

An order may be submitted in conformity with the opinion herein expressed.

---

fabrics while maintaining the tension, doubling the thus treated fabrics and applying heat and pressure to produce the finished moiré effect.

"5. The method of producing moiré pattern effects on fabrics comprising moistening the fabrics within confined pattern areas with colored liquids while applying tension to the same, drying the fabrics while maintaining the tension, doubling the thus treated fabrics and applying heat and pressure to produce the finished moiré effect."

3. " 'The design or pattern impression is produced according to my invention by the combined action of heat, moisture within confined areas and tension, the conjoint, action of which produces an adequate setting of the moiré patterns in the fabric, the heat and tension being simultaneously applied to cause quick. drying and warping of the threads.' Page 1, col. 2, 11.26 to 33." of plaintiff's patent No. 2,513,646. Newburgh Moire Co. v. Superior Moire Co., D.C., 116 F. Supp. 759, 763.