C. Howard HOOK and W. W. Miller, Individually and Doing Business as a Partnership Under the Name and Style of Hook & Miller, Plaintiff-Appellees,

v.

HOOK & ACKERMAN, Inc., Defendant-Appellant.

No. 11605.

United States Court of Appeals Third Circuit.

Argued Oct. 18, 1955.

Decided May 2, 1956.

Harry Price, New York City (Charles L. Cunningham, Matthew Sidney Biron, Philadelphia, Pa., on the brief), for appellants.

William B. Jaspert, Pittsburgh, Pa. (George L. Eynon, Pittsburgh, Pa., on the brief), for appellees.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

The original action in this litigation was for a declaratory judgment that plaintiff-appellees' boiler did not infringe upon defendant's patent U.S. No. 2,247,796. A counterclaim was filed asking for damages and an injunction arising out of the alleged infringement and asserting unfair competition. Judge Stewart in the district court tried the infringement issue by itself and found that plaintiffs were not guilty of infringement. Defendant's appeal from the judgment of August 21, 1952, entered on that decision was dismissed for want of timely prosecution on January 26, 1953.

The present appeal is from the order of the district court of February 25, 1955 dismissing the action on the ground that there remained only the issue of unfair competition as to which the court held it had no jurisdiction.[1]

Appellant's primary points as presented in its brief and oral argument are that (1) the complaint should have been dismissed because appellee partnership was dissolved on July 1, 1953 following the death of Hook, one of the partners; and (2) the district court has jurisdiction of the counterclaim for unfair competition and that there is a binding adjudication on that issue in the New York Supreme Court which should be enforced in this case by injunction.

In its statement appellant says: "In the meanwhile, this incomplete order of Judge Stewart of August 21, 1952, was not appealable under Rule 54, 28 U.S.C., and a premature appeal as to which this Court had no jurisdiction, Newburgh Moire Co. v. Superior Moire Co., 3 Cir., 218 F.2d 580, was dismissed for lack of prosecution on January 27, 1953." There is no further mention of this or argument concerning it anywhere in the brief. In its reply brief appellant's first point is titled "Regardless of how the various claims arise all of these issues must be disposed of by the lower court before there is a final judgment and before the appeal court has jurisdiction of an appeal." Appellant then asserts that the judgment of August 21, 1952 "[w]as neither final nor binding upon Hook & Ackerman nor upon anyone else."

The above claim was not made to the district court. This appellant, as has been stated, appealed from the August 21, 1952 judgment. After that appeal had been dismissed it attempted no further proceedings of any kind regarding the judgment. At the time the present phase of this litigation was before the district court the August 21, 1952 judgment was more than two years old. In view of the factual situation the stale arguments now deliberately made show a callous disregard of appellant's own previous affirmative course in the litigation. Appellees urge that appellant is estopped by its conduct from questioning the 1952 judgment. They also suggest that in view of the time lapse we are without jurisdiction to nullify the judgment and reopen the original non-infringement claim and counterclaim. Under all the circumstances we prefer to

---

1. For the complete history of the suit and its collaterals see the exhaustive opinion of Chief Judge Biggs at 3 Cir., 213 F.2d 122.

deal with appellant's contention on the merits without passing upon those questions.

Appellant's entire argument is that since the 1952 judgment did not completely dispose of the litigation, to be appealable it needed the certification called for by Rule 54(b) of the Rules of Civil Procedure and was not so certified.[2]

Proper classification of the 1952 judgment completely answers appellant's contention. That judgment decided the entire infringement issue. Plaintiffs had sought a declaratory judgment of non-infringement. In its answer and counterclaim, defendant asked for a determination of infringement, an accounting of profits and "(e) an injunction against plaintiffs restraining further acts of patent infringement * * *." The judgment declaring that the Hook & Miller boiler does not infringe U. S. Patent No. 2,247,796 denied the injunction requested by defendant. While it did not say so expressly, the district court "necessarily decided that upon the facts alleged in the counterclaim defendants were not entitled to an injunction." General Electric Co. v. Marvel Rare Metals Co., 1932, 287 U.S. 430, 433, 53 S.Ct. 202, 204, 77 L.Ed. 408. There was an adjudication on the merits of the application for injunctive relief in the trial court. Compare Morgenstern Chemical Co. v. Schering Corp., 3 Cir., 1950, 181 F.2d 160. And under Section 1292(1) of 28 U.S.C. the defendant had either the firm right to appeal that interlocutory decision to this court or could have had it reviewed on final determination of the suit. Victor Talking Machine Co. v. George, 3 Cir., 1939, 105 F.2d 697, certiorari denied 308 U.S. 611, 60 S.Ct. 176, 84 L.Ed. 511. It chose to appeal and

that appeal brought before us the basic problems underlying the denial of the injunction sought. 6 Moore's Federal Practice, 2nd ed., ¶ 54.08[1]; Deckert v. Independence Shares Corp., 1940, 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189; Mayflower Industries v. Thor Corp., 3 Cir., 1950, 184 F.2d 537. It cannot be said that these included less than the entire patent issue which had been finally determined by the trial court, for this court could not grant the injunction prayed for by appellant without reversing the judgment of August 21, 1952. The alleged infringement was the act sought to be enjoined.

That this 1952 judgment was appealable without a Rule 54(b) certificate is plain from one of our earlier opinions in this very same series of suits. Hook v. Hook & Ackerman, 3 Cir., 1954, 213 F.2d 122, 129. There discussing a "Writ of Permanent Injunction" which had been allowed plaintiffs Hook & Miller enjoining Hook & Ackerman, Inc. from suing them or their customers for alleged infringement of the patent, Chief Judge Biggs for the court said:

"It is an interlocutory order and falls within the purview of Section 1292 (1), which expressly makes appealable '(i)nterlocutory orders of the district courts * * * granting * * * injunctions * * *.' It follows that the 'Writ of Permanent Injunction', is an appealable order and a certificate under Rule 54(b), F.R. C.P., 28 U.S.C., is not required. In this connection we have noted the decision of the Court of Appeals for the Seventh Circuit in Packard Motor Car Co. v. Gem Manufacturing Co., 1950, 187 F.2d 65, but with all deference to the Court of Appeals for the Seventh Circuit we feel constrained not to follow it."

2. We do not decide whether under the particular circumstances the trial judge's intent to make a finding of finality is so clear that he complied with the rule in effect and that "[i]t would be bootless to send it back for a better formulation of the appeal formula." Concurring opinion of Judge Clark in Republic of Italy v.

DeAngelis, 2 Cir., 1953, 206 F.2d 121, 132. Nor do we decide whether, because we are concerned with a declaratory judgment which under 28 U.S.C. § 2201 has "the force and effect of a final judgment or decree and shall be reviewable as such", a 54(b) certificate is needed for appeal.

And see Bendix Aviation Corp. v. Glass, 3 Cir., 1952, 195 F.2d 267, 38 A.L.R.2d 356.

When appellant failed to prosecute the appeal it became subject to a motion to dismiss. Appellees made such a motion, notice of which was served on appellant. Appellant offered no opposition, did not seek dismissal without prejudice, took no action whatsoever and the appeal was dismissed. No reconsideration of the dismissal was sought. No petition for certiorari was filed. No excuse for appellant's attitude then or currently is here offered nor is there any apparent. In fact, at the time of the dismissal, the appellant was vigorously prosecuting other proceedings in this general matter including two other appeals to this court, Nos. 10,828 and 10,860. The actions of appellant in appeal No. 10,921 will not bear any interpretation other than abandonment of its position in the patent issue.

■ The dismissal of the appeal on the patent terminated that cause of action. The judgment of the district court became the law of the case. The appellant does not proffer a showing of such equities as might call for reopening that issue for review on this appeal. Messinger v. Anderson, 1912, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152; White v. Higgins, 1 Cir., 1940, 116 F.2d 312.

■ The first of appellant's other grounds for reversal is that the district court erred in not dismissing the complaint on a showing that one of the plaintiffs had died on July 1, 1953, dissolving the partnership. The theory seems to be that in some fashion the plaintiffs' cause of action therefore became moot. The suggestion is without merit. Final judgment was entered on plaintiffs' claim August 21, 1952. That judgment was more than two years old at the time the present phase of the matter was decided by the district court. It had been appealed and that appeal had been dismissed. Concededly, there was no element of fraud connected with the judgment. It follows that the district court no longer had jurisdiction over the judgment or to dismiss the complaint on which the judgment is founded. Rule 60(b) of Rules of Civil Procedure. See Wayne United Gas Co. v. Owens-Illinois Glass Co., 1937, 300 U.S. 131, 136–137, 57 S.Ct. 382, 81 L.Ed. 557.

The next problem is whether the district court was correct in its conclusion that it had no jurisdiction of the appellant's counterclaim which alleged, as stated, unfair competition. Since there is no diversity of citizenship between the parties the only possible basis for this being brought in the federal court is 28 U.S.C. § 1338(b) which provides: "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and *related* claim under the copyright, patent or trademark laws." (Emphasis supplied.)

The reported decisions are clear that the district court may not assume jurisdiction " * * * of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action." Hurn v. Oursler, 1933, 289 U.S. 238, 245–246, 53 S.Ct. 586, 589, 77 L.Ed. 1148; Darsyn Laboratories v. Lenox Laboratories, D.C. N.J.1954, 120 F.Supp. 42, affirmed per curiam 3 Cir., 1954, 217 F.2d 648, certiorari denied 1955, 349 U.S. 921, 75 S.Ct. 661, 99 L.Ed. 1253. And see Dubil v. Rayford Camp & Co., 9 Cir., 1950, 184 F. 2d 899, 901; Musher Foundation, Inc., v. Alba Trading Co., 2 Cir., 1942, 127 F.2d 9.

■ The district court found that the facts of the asserted unfair competition "are in no way related to the facts upon which the infringement suit was based." The record supports this. Appellant's objection to appellees' boiler as far as its counterclaim is concerned has been and is to its appearance, what it calls in its brief "using a confusingly similar wrapper or casing for its infringing boiler," and to an allegedly similar name. There was never any assertion that the unfair competition claim was at all concerned with any of the elements of the infringement suit. The latter had to do

with the construction and interior design of the Hook & Miller boiler and was sharply distinct from and independent of the counterclaim. The same stove is involved in the original complaint and in the counterclaim but that is not enough to fuse these two unrelated suits, not enough to fulfill the jurisdictional requirement of Section 1338(b). The counterclaim is a general cause of action differing from the federal infringement complaint in substance and not merely adding a second ground of recovery from the same facts. The source of the stated unfair competition was completely separable from the patent case and no so-called "logical relationship" as the appellant now seems to rely on in its reply brief can be forced on them simply because the one boiler appears in both. The complaint sought decision of a single right, that is whether appellees' boiler infringed appellant's patent. The unfair competition claim rests not on that but on two elements which were not even present in the main litigation, namely, confusion of outward appearance and of name. The district court was justified in refusing to pass upon the merits of the counterclaim and in dismissing it for lack of jurisdiction.

Finally, appellant asserts that there has been an adjudication in the New York courts of the issue of unfair competition which is binding in this suit and which should be enforced by injunction.

█ That referred to adjudication is a default judgment obtained by a New York corporation from one of appellees' customers in a suit for unfair competition brought against the customer after appellant had been enjoined by the district court from starting and prosecuting such suits against appellees. Without going into the rather strange presentation of the factual background of that action, it is enough to say that the necessary privity of parties was there lacking and that the judgment is not res judicata. Hy-Lo Unit & Metal Products Co. v. Remote Control Mfg. Co., 9 Cir., 1936, 83 F.2d 345. It should be noted that a similar point was raised by appellant in connection with the infringement phase of this cause. The trial court discussed this at some length in its opinion. It held, and we think correctly, that the New York judgment was not res judicata for lack of privity and the other reasons there stated. D.C., 106 F.Supp. 798, 803–804.

The judgment of the district court will be affirmed.