The PETERSON SYSTEM, INC., Plaintiff,

v.

E. Clair MORGAN, individually and doing business as Masters System of Correlated Handwriting and Theodore T. Wimer, Defendants.

Civ. No. 63–667.

United States District Court
W. D. Pennsylvania.

Dec. 10, 1963.

Blenko, Hoopes, Leonard, & Buell, Pittsburgh, Pa., for plaintiff.

Paul E. Moses, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

In its complaint, plaintiff alleged a federal cause of action (Count I) against the defendant, E. Clair Morgan, individually and doing business as Masters System of Correlated Handwriting, for infringement of several registered copyrights. 28 U.S.C.A. § 1338(a). In Count II, plaintiff alleges a non-federal cause of action against the defendant, Theodore T. Wimer, for breach of contract, breach of confidential relationship with plaintiff, misuse of plaintiff's trade secrets and customer lists, and tortious solicitation of plaintiff's clients and customers in behalf of Morgan. In Count III plaintiff alleges a non-federal cause of action against the defendant, Morgan, for unfair competition, averring that he induced Wimer to breach his contract with plaintiff, misused plaintiff's trade secrets and customer lists obtained from Wimer, and tortiously contracted with plaintiff's customers to supply services formerly provided by plaintiff, thus wrongfully damaging its business.

The plaintiff averred diversity of citizenship between plaintiff, a Texas corporation, and defendants, who are citizens of Pennsylvania.

The defendant, Morgan, filed an answer to Count I of the Complaint denying liability and demanding a jury trial.

Defendants moved to dismiss Counts II and III, asserting that the court does not have jurisdiction over these non-federal actions (1) because there is no diversity of citizenship between plaintiff and defendants, and (2) that they are not "related" to the statutory copyright action so as to give the court pendent jurisdiction under 28 U.S.C.A. § 1338(b). We agree with defendants on both grounds.

Accompanying the motions is an affidavit by Wimer alleging that the principal place of business of the plaintiff corporation is Pennsylvania. Plaintiff did not deny this averment, and at oral argument its counsel admitted the truth thereof. Therefore, contrary to the averment of the complaint, we find as a fact that there is no diversity of citizenship between plaintiff and defendants. Without diversity, Counts II and III must be dismissed unless it appears that there is pendent jurisdiction under 28 U.S.C.A. § 1338(b).[1]

Section 1338(b) provides:

"(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trademark laws."

Although we assume that plaintiff's copyright claims are "substantial", O'Brien v. Westinghouse Electric Corporation, 293 F.2d 1, 11 (3d Cir. 1961), we do not think they are "related" to the non-federal claims asserted in Counts II and III.

As to Count II, no claim of infringement was brought against Wimer, either to enforce plaintiff's statutory copyrights or any common law copyrights. The charges of copyright infringement contained in Count I, directed solely against Morgan, are not embodied in Count II. The averments contained in Count II accuse Wimer of breach of contract, breach of confidential relationship, misuse of plaintiff's trade secrets and customer lists, and tortious interference with plaintiff's business. These accusations are not related to the claims of copyright infringement against Morgan; but are completely separable therefrom.

A related claim as used in the statute is one which may be proved by substantially the same facts, although

1. No affidavits were submitted by plaintiff in support of pendent jurisdiction.

virtual identity of proof is not required. O'Brien v. Westinghouse Electric Corporation, supra, 293 F.2d p. 17.

█ As stated by the Reviser the purpose of § 1338(b) was to "avoid 'piecemeal' litigation to enforce *common-law* and statutory copyright, patent, and trade-mark rights by specifically permitting such enforcement in a single civil action in the district court." Reviser's Note to 28 U.S.C.A. § 1338(b), 1948 Revision of Judicial Code. (Emphasis supplied.)

In Count II plaintiff is not attempting to enforce any *common-law* copyrights against Wimer. Plaintiff's non-federal claims against Wimer are entirely independent of its federal claim, and it does not appear that any of the facts necessary to support them would also support the federal claim. Proofs relating to divulgence of trade secrets and customer lists, and obtaining contracts with plaintiff's customers for Morgan, are not similar to proofs relating to the infringing of plaintiff's registered copyrights, and there is no overlapping. If Wimer sold material proved to have infringed the copyrights set forth in Count I, as plaintiff argues but did not allege, that fact is merely one link in the chain of evidence going to establish the alleged breaches and torts set forth in the non-federal count against him. It seems obvious that the proof required to support the non-federal claims against Wimer, who is not charged with infringement, would be at complete variance with the proof required to support the federal claim of copyright infringement, and is thus insufficient to bring Count II within the jurisdiction of the court. Darsyn Laboratories v. Lenox Laboratories, 120 F.Supp. 42 (D.N.J. 1954), aff'd 217 F.2d 648 (3d Cir.); cf. French Renovating Co. v. Ray Renovating Co., 170 F.2d 945 (6th Cir. 1948). In the Darsyn case, the plaintiff asserted a claim of unfair competition against the defendant, Lenox Laboratories and its officers, but, as here, no claim of infringement was made against them; the claims were held (120 F.Supp. pp. 54–55) to be predicated on separate and distinct causes of action, and since there was no diversity, it followed that the Court had no jurisdiction.

In the leading case of Hurn v. Oursler, 289 U.S. 238, 246, 53 S.Ct. 586, 589–590, 77 L.Ed. 1148, a copyright action, it was held:

"The distinction to be observed is between a case where two distinct grounds in support of a single action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the non-federal *ground;* in the latter it may not do so upon the non-federal *cause of action.*" (Emphasis in original.)

The rule in Hurn v. Oursler, supra, was crystallized in § 1338(b).

In the case sub judice, it seems plain from the allegations of the complaint that two separate and distinct causes of action are alleged in Counts I and II, one only of which (Count I) is federal in character. Therefore, Count II should be dismissed.

We think Count III also should be dismissed. In this count, Morgan is alleged to have unfairly competed with plaintiff by inducing Wimer to breach his contract with plaintiff, by unfairly obtaining contracts from plaintiff's customers, and misusing plaintiff's trade secrets and customer lists. The count charges Morgan with tortious interference with plaintiff's business to its damage. There is no suggestion that plaintiff seeks to enforce any common law copyrights against Morgan.

As in Hook v. Hook & Ackerman, Inc., 233 F.2d 180, 183 (3d Cir. 1956), the unfair competition count is not concerned with any of the elements of the infringement count. Again plaintiff argues that

Morgan induced Wimer to sell the infringing material, and that Wimer did sell it, but even if this be true, we repeat that this fact is merely a link in the chain of evidence to be adduced in support of Morgan's alleged tortious conduct, and, as stated in the Hook case, "is not enough to fuse these two unrelated suits, not enough to fulfill the jurisdictional requirement of Section 1338(b)." Count III, as Count II, "is a general cause of action differing from the federal infringement complaint [Count I] in substance and not merely adding a second ground of recovery from the same facts." (Page 184 of 233 F.2d.) *Compare* with quotation from Hurn v. Oursler, supra.

The charge of copyright infringement contained in Count I is not embodied in Count III. The alleged tortious acts of Morgan set forth in Count III constitute an independent and separate non-federal cause of action. Prosser, Torts § 106 (2d ed., 1955); Restatement of the Law of Torts, §§ 757, 759.

■■ The burden is always upon the plaintiff to show that a federal district court has jurisdiction. Rule 8(a), Fed. R.Civ.P.; 1A Barron and Holtzoff, Federal Practice and Procedure, § 352. From the averments of fact contained in the complaint, pendent jurisdiction does not appear. The averments in Count I do not appear to be substantially the same as those in Count III. O'Brien v. Westinghouse Electric Corporation, supra, 293 F.2d p. 12. On the contrary it seems apparent that the facts necessary to establish the non-federal torts alleged in Count III will be entirely different from those required to establish the federal copyright infringement claim. Hook v. Hook & Ackerman, Inc., supra; French Renovating Co. v. Ray Renovating Co., supra. Evidence of unfair competition such as proof that Morgan induced Wimer to breach his contract with plaintiff; proof that with the assistance of Wimer he wrongfully obtained plaintiff's customer lists, and wrongfully contracted with plaintiff's customers, is not related to evidence of statutory copyright infringement. Evidence that Morgan with Wi-

mer's assistance obtained plaintiff's trade secrets is also unrelated, for trade secrets are not protected by the copyright laws, and such evidence would not be proof that Morgan infringed plaintiff's copyrights. The grounds supporting the unfair competition count do not appear to be in any substantial respect common to the grounds asserting the copyright infringement count.

■■ We are cognizant that granting a motion to dismiss under Rule 12(b)(1), Fed.R.Civ.P., without knowledge of the actual evidence to be produced at a trial, is not usually desirable; however, we are convinced that a federal court cannot assume jurisdiction of separate and distinct non-federal causes of action merely because they are joined in the same complaint with a federal cause of action, in absence of some showing by plaintiff that the non-federal claims may be proved by substantially the same facts —even though virtual identity of proof is not required—or that there will be substantial overlapping.

An appropriate order will be entered dismissing Counts II and III for lack of jurisdiction.