The **PETERSON SYSTEM, INC.,**
Plaintiff,
v.

**E. Clair MORGAN individually and doing business as Masters System of Correlated Handwriting and Theodore T. Wimer, Defendants.**

Civ. A. No. 63-667.

United States District Court
W. D. Pennsylvania.
April 23, 1964.

Paul E. Moses, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

Plaintiff seeks to amend its complaint for the purpose of adding a federal cause of action under § 43(a) of the Lanham Act (§ 1125(a), Title 15 U.S.C.A.); adding The Masters System of Correlated Handwriting, Inc. as a new party defendant, and including the defendant, Theodore T. Wimer, as a copyright infringer. These amendments will be allowed.

Plaintiff contends that the amended complaint on its face shows jurisdiction over certain non-federal causes of action under § 1338(b), Title 28 U.S.C.A. We disagree.

Insofar as the amended complaint seeks to reassert the non-federal causes of action pleaded in the original complaint, it will be disallowed for the reasons stated in our prior opinion in this case, which is incorporated herein by reference thereto, 224 F.Supp. 957.

It is not shown in the amended complaint or otherwise that the facts plaintiff will adduce to prove its federal claims of copyright infringements and Lanham Act violations are substantially similar to the facts which plaintiff will adduce to prove its non-federal claims.[1]

It may be true that evidence of the alleged false representations concerning the origin of goods and services sold to establish plaintiff's claim under the Lanham Act may also be adduced in connection with the non-federal claims, but such evidence is common to "separate and distinct causes of action", only one of which—the Lanham Act violation —is federal in character. Simply because some facts relevant to both the federal and non-federal claims occurred during the same period of time and are, as plaintiff argues, "interwoven", does not per se operate to confer jurisdiction. Joinder of separate and distinct causes of

Blenko, Hoopes, Leonard & Buell, Pittsburgh, Pa., for plaintiff.

1. Cf. O'Brien v. Westinghouse Electric Corporation, 293 F.2d 1, 12 (3d Cir. 1961); Hook v. Hook & Ackerman, Inc., 233 F.2d 180, 184 (3d Cir. 1956); L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 214 F.2d 649, 654 (3d Cir. 1954); Kaplan v. Helenhart Novelty Corporation, 182 F.2d 311, 312 (2d Cir. 1950).

746

action, only one of which is federal in character, is proscribed by Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, and such actions are not related in the statutory sense. § 1338(b), 28 U.S.C.A.

The amended complaint fails, as did the original complaint, to establish jurisdiction under § 1338(b) in that it does not show that the facts necessary to prove Lanham Act violations or copyright infringements are the same facts or substantially the same facts necessary to prove (1) the defendant Wimer breached a contract with plaintiff, (2) he breached a confidential relationship with plaintiff, (3) he misused and misappropriated plaintiff's customer lists, (4) he misused and misappropriated plaintiff's trade secrets and methods of doing business, (5) the defendant Morgan and the new defendant, The Masters System of Correlated Handwriting, Inc., induced Wimer to betray plaintiff, his employer, and breach his contract with plaintiff, or (6) they did tortiously interfere with plaintiff's business. The most that the amended complaint indicates is a coincidental overlapping of a few facts, i. e., false representations and sales of infringing material, which may be relevant in proving both the federal and non-federal claims. It does not appear that there will be any substantial amount of such overlapping.

Although plaintiff states and argues that its amended complaint includes an action "for related unfair competition[2] and breach of faith" under § 1338 (b), it seems perfectly plain from the foregoing itemization of the non-federal claims specified therein that, although separately and collectively they may be characterized as forms of unfair competition, they are not "related" to the federal claims; in no way do they encompass grounds which establish a single cause of action; they are not common law copyright infringements or common law trade-mark violations. They are actions for violations of different property or contractual rights than those which are the subject matter of the copyright infringement and Lanham Act violation claims. All the grounds upon which plaintiff's non-federal claims are based are separate and distinct from the grounds on which the federal claims are based. Indeed, one would expect that the set of facts necessary to prove the non-federal claims as detailed in the amended complaint would be essentially different from the set of facts necessary to prove copyright infringements and Lanham Act violations.

 In our opinion plaintiff has not in its amended complaint or otherwise met its burden of showing jurisdiction over the non-federal claims and should not be permitted to join the alleged non-federal causes of action with the federal causes of action. Stephens v. Reed, 121 F.2d 696 (3d Cir. 1941); American Securit Co. v. Shatterproof Glass Corp., 166 F. Supp. 813, 827 (D.Del.1958).

An appropriate order will be entered.

---

2. Broadly construed, copyright infringements and Lanham Act violations are also forms of unfair competition.