**ALLEN et al. v. BARR et al.**

**No. 11335.**

United States Court of Appeals Sixth Circuit.

April 8, 1952.

Rehearing Denied May 20, 1952.

The specifications state that the invention resides in the provision of a protective plate, 18, which may be made of metal or synthetic plastic material or any other suitable material. Appellant claims this protective plate is called a protective shield. In common parlance it is called a "scuff plate," but scuff plates are as old as automobile fenders and fenders are as old as automobiles themselves, and the opening in fenders through which the filler pipe is directed from a supply tank to the gas tank on the car is likewise old and conventional. Appellant's device consists of nothing more than the attachment of the scuff pad to the edges of the openings in the fender. Whether this is done by aligning depressed portions of the scuff plate with depressed portions of the fender and attaching them by means of screws is not material. The screws attached the depressed portions of the scuff plate and of the fender just as screws have always been done.

██ Allen set out no new function and developed no new result. See Montgomery, Ward & Co. v. Buer, 6 Cir., 186 F.2d 614; Paquette v. Potter Mfg. Co., 6 Cir., 46 F.2d 271, 272. Nothing more is involved than adjustability and adjustability is not invention. See Great A. & P. Tea Co. v. Supermarket Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162.

Appellants also charged that appellees infringed their "No-Mar" trademark and that they engaged in unfair competition relating to the patented device and the trademark. We are not dealing with a case involving diversity of citizenship. All the parties to this action are either citizens of the State of Michigan or corporations incorporated under the laws of that State.

██ It might be said with some degree of assurance under the doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L. Ed. 1148, that the Court should have entertained the charge of unfair competition,

---

Thomas S. Donnelly, Detroit, Mich. (Edward M. Apple and Thomas S. Donnelly, Detroit, Mich., on the brief), for appellants.

E. J. Balluff, Detroit, Mich. (E. J. Balluff, and Harry E. Warning, Detroit, Mich., on the brief), for appellees.

Before HICKS, Chief Judge, SIMONS and MARTIN, Circuit Judges.

HICKS, Chief Judge.

This is a suit for infringement of Allen patent No. 2467001, April 12, 1949, for a "Scuff Pad" for automobile fenders. The specification states that an object of the invention is to provide a scuff pad, or protective shield for the automobile fender adjacent to the opening for the gas tank. The District Court correctly found the patent invalid. The patent has two claims. Claim No. 1 is typical.[1]

---

1. An article of manufacture adapted to serve as a protective shield for an automobile fender adjacent an opening in said fender, comprising a plate like member having a cut-out portion adapted to align with the cut-out portion of said fender, there being depressed webs on said plate arranged to contact depressed portions formed on said fender to assist in holding said plate in position.

but in view of the fact that the Allen patent is clearly invalid, the claim of unfair competition is necessarily foreclosed against appellants.

 The claim that appellees infringed appellants' trademark stands upon somewhat different grounds. The trademark was not registered under Federal Statutes providing for registration of trademarks. It was no more than a common law trademark over which the Federal Court had no jurisdiction. See Hurn v. Oursler, supra, 289 U.S. at page 248, 53 S.Ct. 586; French Renovating Co. v. Ray Renovating Co., 6 Cir., 170 F.2d 945.

The judgment appealed from is affirmed.