245 F.2d 840
 114 U.S.P.Q. 137
 Geraldine GOLDMAN and Morris Goldman, Plaintiffs-Appellants,
v.
Charles BOBINS, d/b/a Star-Lite Accessories Company, and
Charles Bobins and Melvin H. Judkis, Co-Partners,
d/b/a Charles Bobins Mfg. Co.,
Defendants- Appellees.
 No. 11817.
 United States Court of Appeals Seventh Circuit.
 June 28, 1957.
 
 B. Gordon Aller, Chicago, Ill., for appellant.
 W. M. Van Sciver, Chicago, Ill., Will Freeman, Bair, Freeman & Molinare, Chicago, Ill., for defendants-appellees.
 Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.
 SWAIM, Circuit Judge.
 
 
 1
 This is an action for infringement of Goldman, et el., Patent No. 2,680,804, dated June 8, 1954, for an adjustable automobile headlight rim, which resulted in a finding below that the patent was invalid for want of invention.
 
 
 2
 The Goldmans in their application described an automobile headlight rim capable of being adjusted to accommodate the fender design of various automobiles. It is a replacement rim which is used when the factory original is damaged or when the car owner desires a more attractive rim. The invention was directed to the following problem: The fender of an automobile provides two attachments whereby the headlight rim may be mounted. The upper attachment consists of a fixed flange or slot for receiving a connecting element affixed to the rim and a lower attachment which consists of a fixed threaded element into which a screw is inserted through an opening in the lower portion of the rim. The positions of the fender attachments are fixed by the auto manufacturer and the positions vary in each make of automobile and may vary in the different models of the same manufacturer or even in the yearly models of the same automobile. The rim elements must mate perfectly with the fender attachments and because the latter vary a particular rim may fit only one make or model of automobile. The replacement rims of the prior art were made with fixed elements to mate with the fixed fender attachments. A clip designed to mate with the flange or slot of the upper fender attachment was affixed onto the upper portion of the rime and a small opening on the lower portion of the rim was positioned so that it would align exactly with the threaded element of the fender and thus be able to receive a screw for the purpose of locking the rim in place. The contribution of the Goldman patent was the substitution for the fixed clip of an adjustable clip, slotted so that it may be fixed in any desired position; and for the small round opening on the lower portion of the rim, an elongated slot. Thus, the position of the clip may be varied to accommodate the variously placed upper fender attachments and any vertical plane variance resulting therefrom is compensated by the elongated slot on the lower portion of the rim.
 
 The Goldman patent contains three claims:
 
 3
 '1. A universal headlamp rim for attachment to any of several rimlike mountings which mountings comprise a substantially cylindrical portion and a flange forming a shoulder with said portion, said portion being provided with an opening adjacent to said shoulder, the axial spacing between said opening and said shoulder being varied as between different mountings, said rim comprising a web, a clip arranged for axial adjustable movement mounted on said web to accommodate for said varied axial spacings, said clip having a part for engagement in said opening to retain a margin of said headlamp rim juxtaposed to said shoulder, means for securing said clip in a selected adjusted position, and means for uniting said rim and the mounting at some other point circumferentially spaced from said clip, the uniting means including a radially elongated aperture in said rim for the reception of a uniting member, said aperture being adapted to accommodate for varying adjustments of said clip in providing proper connection of said uniting member with a relatively fixed screw-threaded element in said mounting.'
 
 
 4
 Claim 2 is substantially the same as Claim 1, with the following addition:
 
 
 5
 'said rim comprising inner and outer webs spaced from each other, a boss on the radially inner periphery of said outer web, said boss being spaced from the inner web and extending axially of said rim to a point rearwardly of said inner web, a clip arranged for axial adjustable movement mounted on said boss to accommodate for said varied axial spacing, the clip being provided with a radially directed hook portion for engagement in said opening to retain a margin of said headlamp rim juxtaposed to said shoulder and with said clip also having an axially-extending longitudinal slot therein, a screw in said slot and threaded into said boss to secure said clip in predetermined selected position, and means on said headlamp rim for uniting said rim to said mounting, said means comprising a radially elongated aperture being formed so that it may afford proper connection of a uniting member with a complementary relatively fixed screw-threaded element in said mounting to firmly unite said rim to said mounting in any adjustment of said clip.
 
 
 6
 '3. The combination in accordance with claim 2 wherein the boss is provided with spaced guide ribs defining a groove for said clip and said elongated aperture is positioned diametrically opposite said boss.'
 
 
 7
 Plaintiffs contend that the District Court misconceived the true character of the Goldman rim, which, they assert, is a combination of elements, combined in a new way to achieve a new and surprising result. They further insist that neither the Goldman combination nor its adjustable features were heretofore known. Although there is no single prior art patent or device which discloses all of the features of the Goldman rim, the prior art pleaded by defendants, not all of which was cited against the patentees in the patent office, discloses singularly or in partial combination every feature claimed in the patent in suit. Specifically, the prior art discloses the utilization of a clip mounted on a boss for insertion in the flange or slot on the upper portion of the automobile fender; rims comprising inner and outer webs spaced from each other; rims in which there is a clip mounted on a boss on the radially inner periphery of the outer web which is spaced from an inner web; and an elongated slot on the lower portion of the rim. The prior art, the most pertinent being Hunt No. 1,167,824, also discloses the utilization of a slotted clip and set screw to provide for adjustability in the headlight art, although the particular application of the clip there differs somewhat from that in the patent in suit. The purpose and function of the clip in Hunt however is the same as that here.
 
 
 8
 Anticipation is not present here but all that the Goldmans have done is to combine disclosed features, i.e., clip mounted on a boss and the elongated slot on the lower portion of the rim, and modify the clip by making it adjustable as disclosed by Hunt. We therefore have a new combination of old elements, and, as was said in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162, 'The conjunction or concert of known elements must contribute something; only when the whole in some way exceeds the sum of its parts is the accumulation of old devices patentable.'
 
 
 9
 Plaintiffs insist that their device achieves this additional something, the new and surprising result necessary to sustain combination patents. There is no doubt in our mind that the Goldmans have produced an advantageous result simply by carrying forward features selected from the prior art and incorporating them into a single structure wherein such features perform their usual and obvious functions. The result achieved was obvious and expected, as either in or out of combination the adjustments perform nothing more than the old functions that adjustment by elongated slot and slotted clip and set screw had always performed and in fact performed in the prior art. At best, the Goldman device may increase the convenience, extend the use or diminish the expense incident to headlight rims, but this is not sufficient to sustain patentability. Pleatmaster, Inc. v. J. L. Golding Mfg. Co., 7 Cir., 240 F.2d 894; National Pressure Cooker Co. v. Aluminum Goods Mfg. Co., 7 Cir., 162 F.2d 26, certiorari denied 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400. And however noteworthy or interesting the Goldman development may be, we are convinced, as was the District Court, that it was the product of mechanical skill, not the inventive faculty.
 
 
 10
 The objective, adapting the rim to more than one make or model of automobile, suggests its own means of accomplishment and the most obvious answer was attachments capable of permitting the necessary alignment of the rim attachments and the fender elements. Not only does this objective suggest its own means of accomplishment, but the prior art discloses every feature necessary to the realization of this objective. 'Merely making a known element (clip) of a known combination (clip mounted on a boss on the radially inner periphery of the outer web of the rim, which is spaced from an inner web) adjustable by a means of adjustment known to the art (slotted clip and set screw), when no new or unexpected result is obtained (the old elements which are incorporated in the Goldman device do not perform any additional or different function in the combination than they perform out of it), is not invention.' Marconi Wireless Telegraph Co. of America v. United States, 320 U.S. 1, 32, 63 S.Ct. 1393, 1408, 87 L.Ed. 1731. See also Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162; Allen v. Barr, 6 Cir., 196 F.2d 159; Westinghouse Air Brake Co. v. Schwarze Electric Co., 6 Cir., 108 F.2d 352; Detroit Stoker Co. v. Brownell Co., 6 Cir., 89 F.2d 422. The District Court properly found that invention is plainly lacking in the Goldman device.
 
 
 11
 The plaintiffs complain that the District Court did not, in so many words, find that the differences of the Goldman device and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which it pertains-- the statutory test which is applicable in the instant case, 35 U.S.C.A. § 103; and that the finding of invalidity was predicated upon an erroneous interpretation of the law, in that the District Court applied an arbitrary and all-embracing principle that 'adjustability is not invention.' Suffice it to say that the District Court's opinion and findings herein evidence no such arbitrary and all-embracing rule of law, but rather that, in finding lack of invention and invalidity, the District Court applied the correct criteria of law to the evidentiary facts.
 
 
 12
 Plaintiffs strenuously urge the commercial success of their drive and the filling of a long felt want in support of their claim of invention. We have examined the record relative to these considerations and find it not as impressive as claimed. Furthermore, as to the question of commercial success, the District Court found that any commercial success achieved by the Goldman rim was due in large part to the 'doll-up' feature of the rim rather than to the adjustable feature; and, as to the filling of a long felt want, the District Court found that automobile parts dealers still sell nonadjustable rims of the dress-up type as well as the conventional type without adjustable features and noninfringing rims which are adjustable. In any event, neither of these considerations can lend validity to a patent where invention is plainly lacking, as is the case here. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162; Hopkins v. Waco Products, Inc., 7 Cir., 205 F.2d 221; Stanley Works v. Rockwell Mfg. Co., 3 Cir., 203 F.2d 846, certiorari denied 346 U.S. 818, 74 S.Ct. 30, 98 L.Ed. 345.
 
 
 13
 The plaintiffs also rely on the fact that the defendants immediately abandoned their own rims and copied the device of plaintiffs' patent. This is another factor which cannot lend validity to a patent where invention is plainly lacking. And although imitation or copying of a patented device is an indication of invention, Ric-Wil Co. v. E. B. Kaiser Co., 7 Cir., 179 F.2d 401, certiorari denied 339 U.S. 958, 70 S.Ct. 981, 94 L.Ed. 1369, we must also recognize the contrary consideration that however obvious infringement of a patent may be, 'the utilization of its disclosures pays no tribute to its validity, however much it concedes utility, for the copying of a patented thing may, in the last analysis, be but a challenge to monopoly boldly asserted by the infringer on behalf of himself and the public, and an invitation to the patentee to vindicate his patent by judicial test.' Williams Mfg. Co. v. United Shoe Mach. Corp., 6 Cir., 121 F.2d 273, 277, affirmed 316 U.S. 364, 62 S.Ct. 1179, 86 L.Ed. 1537.
 
 
 14
 The presumption of validity which attaches to a patent, 35 U.S.C.A. § 282, was overcome by clear and convincing evidence on the part of the defendants, and the judgment of the District Court is correct and must be affirmed.
 
 
 15
 Affirmed.